

1998 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-8-1998

# Cofab Inc v. Phila Joint Bd

Precedential or Non-Precedential:

Docket 97-1425

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1998

Recommended Citation

"Cofab Inc v. Phila Joint Bd" (1998). *1998 Decisions.* Paper 69.
http://digitalcommons.law.villanova.edu/thirdcircuit_1998/69

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1998 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed April 8, 1998

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 97-1425

COFAB, INC.

v.

PHILADELPHIA JOINT BOARD, AMALGAMATED
CLOTHING AND TEXTILE WORKERS UNION, AFL-CIO-
CLC a/k/a UNITE!

Philadelphia Joint Board, Amalgamated Clothing & Textile
Workers Union, AFL-CIO-CLC, a/k/a UNITE,
        Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 97-cv-01835)

Argued January 22, 1998

Before: SLOVITER, LEWIS* and ROSENN, Circuit Judges

(Opinion Filed April 8, 1998)

Bernard N. Katz (Argued)
Elissa B. Katz
Meranze & Katz
Philadelphia, PA 19102

 Attorney for Appellant

_____

* Judge Lewis heard argument in this matter but was unable to clear the
opinion due to illness.

        Adolph F. Fellmeth III
         (Argued)
        Jenkintown, PA l9046

         Attorney for Appellee

OPINION OF THE COURT

SLOVITER, Circuit Judge.

The Philadelphia Joint Board, Amalgamated Clothing &
Textile Workers Union, AFL-CIO-CLC, also known as Unite!
["the Union"], appeals from the district court's order staying
the action before it pending the final completion of related
proceedings before the National Labor Relations Board. The
action was filed pursuant to section 301 of the Labor
Management Relations Act, as amended, by Cofab, Inc.,
seeking an injunction and an order vacating and/or staying
enforcement of an arbitrator's award finding that Cofab was
the alter ego and successor of DA Clothing Co. The Union
filed a counterclaim to enforce the award. Cofab filed a
motion to stay, which the district court granted, and the
Union appeals. Before we can consider the merits of the
Union's agreement, we must decide whether we have
jurisdiction over the district court's order granting a stay.

I.

DA Clothing Company, the alleged predecessor to Cofab,
operated a manufacturing facility in Clifton Heights,
Pennsylvania, and was a party to a Collective Bargaining
Agreement ("CBA") with the Union. On December 17, 1993,
the company closed its doors without giving any notice to
the Union. The following month, the son of the former
owner of DA Clothing opened a new non-union plant, under
the name Cofab, Inc., about fifteen minutes away from the
location of DA Clothing. Cofab hired many of the former
employees of DA Clothing, retained much of DA Clothing's
equipment, and serviced the same single customer.

In March 1994, the Union filed an unfair labor practice
charge against Cofab with the National Labor Relations

2

Board, asserting that, as the successor and alter ego of DA Clothing, Cofab was bound by the collective bargaining agreement between DA Clothing and the Union. Following a two-day hearing in January 1995, an Administrative Law Judge determined that Cofab was a successor to, but not an alter ego of, DA Clothing. Joined by the Union, the General Counsel of the NLRB filed exceptions to the ALJ's determination that Cofab was not an alter ego. There was a hearing in Washington, D.C., after which the NLRB issued its decision on September 5, 1996, concluding that Cofab and DA Clothing were alter egos, and that Cofab was therefore obligated to comply with the terms of the collective bargaining agreement between DA Clothing and the Union. On September 30, 1996, however, the NLRB General Counsel filed a motion to modify or clarify the NLRB's order. Both parties assumed that this motion remained pending up to the time of oral argument on this appeal.

Buoyed by the NLRB finding that Cofab was an alter ego of DA Clothing, in October 1996 the Union filed a request for expedited arbitration of its grievances pursuant to the collective bargaining agreement between the Union and DA Clothing. Cofab sought a temporary restraining order in the district court to stay the arbitration. The district court denied the request for a stay, stating that Cofab could present its jurisdictional argument to the arbitrator. At the arbitration hearing in November 1996, Cofab appeared only for the purpose of registering its objection that the arbitrator lacked jurisdiction over Cofab on the ground that it was not a party to the CBA, and was not subject to its terms. The arbitration nevertheless proceeded in Cofab's absence.

On January 31, 1997, the arbitrator filed his opinion and award. The arbitrator rejected Cofab's jurisdictional objection and in a written opinion noted that the facts presented before him were the same as the facts presented before the Administrative Law Judge of the NLRB to which Cofab had not filed exceptions. He found that the two real principals of DA Clothing Company were Phyllis D'Amore and her son Robert D'Amore, that they closed the operating facility and reopened under the Cofab, Inc. name, with

3

Robert D'Amore being designated the chief executive officer while his mother occupied some other corporate position but that they both participated as they had under the label of DA Clothing Co., that their employees were the same, and that their one customer was the same, and that therefore Cofab meets "all of the contract criteria for being deemed a successor" as envisioned by the CBA. App. at 34–35. After concluding that Cofab was bound by the CBA, the arbitrator ordered Cofab to observe the terms of the CBA, and awarded the Union $1,394,529 in damages. App. at 38–39.

On March 13, 1997, Cofab filed in the district court the complaint that initiated this suit in which it sought to vacate the award, "and/or for [a] preliminary and permanent injunction staying enforcement of [the] arbitration award." App. at 4. Cofab stated that if the NLRB decision remained unchanged by the motion for modification, it intended to appeal to this Court. Cofab contended that a stay pending a final decision from the NLRB would be appropriate because it would prevent costly relitigation in the district court of the same issues presented to the ALJ and the NLRB. The Union argued that the motion pending before the NLRB requested only a clarification of the remedy and did not seek to modify the substance of the Board's decision, and it asked the district court either to enforce or vacate the award.

The district court declined the Union's request, and instead it stayed the action. The district court stated:

> To make any ruling on the arbitrator's award, I would have to determine whether the arbitrator had jurisdiction, an issue that hinges on whether Cofab and DA are alter egos. Accordingly, I would have to make the same determination on alter ego status that has been made by the Board, and that will ultimately be made by the Third Circuit on appeal of the Board's order. The Union rightly points out that the Board and arbitration proceedings are separate proceedings designed to enforce different rights. The central question in each of these proceedings, however, is the same--whether Cofab is the alter ego of DA. Cofab has represented to this court that it will pursue an appeal

to the Third Circuit as soon as the Board certifies its decision. Presumably, the Third Circuit will then rule on Cofab's alter ego status. Under these circumstances, I find that a stay of these proceedings is appropriate.

App. at 122-23. The district court also ordered the parties to "keep the court advised of all relevant proceedings." App. at 125. The district court docket entries indicate that the case was never closed.

The Union filed this appeal contending, preliminarily, that the district court erred by not dismissing Cofab's complaint because it was filed thirty-six days after the issuance of the arbitrator's award, beyond the thirty day period to challenge an award set by 42 Pa. Cons. Stat. S 7314. The Union also challenged the stay on the merits, arguing that: (1) the stay was inconsistent with the court's earlier ruling denying a stay pending arbitration; (2) the award can be enforced based upon the undisputed finding that Cofab was a successor to DA Clothing; and (3) the "stay" did not meet the criteria for the issuance of an injunction.

Cofab countered that: (1) the statute of limitation is applicable only to parties who signed a CBA, and it argues it has no CBA with the Union; (2) it is required to comply with the CBA only if it is found to be an alter ego, not merely a successor; and (3) a stay was appropriate to avoid relitigating the key issue of whether Cofab was an alter ego of DA Clothing.

This court sua sponte inquired of the NLRB as to the status of the long-pending motion for clarification by the General Counsel and learned that the Board, by order dated September 15, 1997, granted the motion for clarification and amended its September 5, 1996 order to state that Cofab employees who were unlawfully denied employment at Cofab enjoy the "full make whole" remedies provided by statute. The clarification order did not alter the Board's essential finding that Cofab is an alter ego of DA Clothing.

We note that had either party made appropriate inquiry and advised the district court as it requested when the

5

status changed, it is likely that this appeal would not have been necessary. Following receipt of this information, we requested both parties to submit supplemental briefs on this court's jurisdiction, an issue to which we now turn.[1]

II.

Neither party questioned this Court's jurisdiction in its initial submission, apparently based on the assumption that the district court's order was an interlocutory injunction appealable under 28 U.S.C. S 1292(a)(1). This court's inquiry as to this issue at oral argument and our request for supplemental briefing led to reconsideration by the appellee. Cofab now contends that we lack jurisdiction, because the underlying order is merely one granting a stay. The Union, on the other hand, characterizes the order as an injunction because the practical effect has been to enjoin the enforcement of the labor arbitration award.

Although the effect on the Union from the district court's stay may not be dissimilar from that of an injunction, we cannot agree that S 1292(a)(1) is applicable here. The district court "enjoined" no party or proceeding but rather stayed its own action regarding the arbitration award pending the outcome of a final NLRB ruling. The district court did not evaluate Cofab's request under the familiar criteria for the issuance of injunctive relief. See Gerardi v. Pelullo, 16 F.3d 1363, 1373 (3d Cir. 1994). The district court made only passing reference to harm, a relevant factor to be considered in entering an injunction, when it noted that a stay would "impose a significant hardship on Cofab" and that to "rule on the arbitrator's jurisdiction now would be a repetitious and wasteful use of judicial resources." App. at 124. Because we cannot characterize the stay as a preliminary injunction under 28 U.S.C. S 1292(a)(1), we must find a basis for our jurisdiction, if any, elsewhere. See Allied Air Freight, Inc. v. Pan American World Airways, Inc., 340 F.2d 160, 161 (2d Cir. 1965) (stay

_____

1. We have also learned that on November 17, 1997, the NLRB filed in this Court an Application for Enforcement of its Order. See C.A. Nos. 97–3596 and 97–3642. That application remains pending.

6

of federal action pending completion of administrative proceedings not appealable as preliminary injunction).

Our search for an alternative basis for jurisdiction has not been successful. Although the Federal Arbitration Act has provisions permitting an appeal from an order that, inter alia, denies a petition under the Act to order arbitration to proceed or denies an application to compel arbitration, see 9 U.S.C. S 16(a)(1), there is no provision authorizing an appeal from an interlocutory order granting a stay of any award entered after an arbitration. See Abernathy v. Southern Cal. Edison, 885 F.2d 525, 530 n.18 (9th Cir. 1989) (where "order staying the proceeding or compelling arbitration is only one step in the judicial proceedings and the case can be expected to return to the district court, the order is nonfinal and not subject to immediate appeal.")

Our research has not disclosed any cases holding that an appellate court has jurisdiction to review an order granting a stay of enforcement of an arbitration award pending a final NLRB decision. The issue arose in Nelson v. International Bhd. of Elec. Workers, Local Union No. 46, 899 F.2d 1557 (9th Cir. 1990), where the court noted its uncertainty about its appellate jurisdiction over a district court stay of enforcement of an arbitration award. Because the court found jurisdiction permissible on other grounds, it expressed no opinion on this issue. However, the court stated:

> The Chapter has raised some questions concerning the appealability of the stay issued in the section 301 suit. Although we have ruled that we do not have jurisdiction over appeals from stays pending, or orders compelling, arbitration, we have not determined the appealability of a stay of an action to enforce an arbitral ruling. Without expressing an opinion on the general question of the appealability of a stay of a section 301 action, we believe that the issues raised . . . here are so intertwined that we must uphold the stay . . . .

Id. at 1563 n.5. Cf. Richman Bros. Records, Inc. v. U.S. Sprint Communications Co., 953 F.2d 1431 (3d Cir. 1991)

7

(order staying lawsuit while referring a question to Federal Communications Commission is not final decision reviewable on appeal).

This court has recently had occasion to consider our jurisdiction over an appeal from a district court order staying proceedings pending resolution of a state court action. See Michelson v. Citicorp Nat'l Servs., Inc., ____ F.3d ____ , No. 97-5157 (3d Cir. Mar. 11, 1998). The context in Michelson was different from that before us here, but in that case we had occasion to reiterate Justice Brennan's statement that " `the usual rule that a stay is not ordinarily a final decision for purposes of S 1291, since most stays do not put the plaintiff effectively out of court'." Id., slip op. at 9 (quoting Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 10 n.11 (1983) (internal quotations omitted)). See also Marcus v. Township of Abington, 38 F.3d 1367, 1370 (3d Cir. 1994) ("Stay orders normally are not appealable final orders because they merely delay proceedings in the suit."); Schall v. Joyce, 885 F.2d 101, 104 (3d Cir. 1989) (recognizing that Moses H. Cone reaffirmed the "usual rule" that a stay is not ordinarily a final decision for purposes of S 1291).

This court has recognized that where a stay is indefinite and may "unreasonably delay[ ] a plaintiff's right to have his case heard," the order may be deemed appealable. Cheyney State College Faculty v. Hufstedler, 703 F.2d 732, 735 (3d Cir. 1983). In this case, there is no suggestion that the district court intended to "deep six" the suit, an intent we also held missing in Cheyney. Id. The district court order here merely postponed consideration of the arbitration award, and in fact the district court made explicit its anticipation of the return of the case by requiring the parties to "keep the court advised of all relevant proceedings." App. at 125. There is no reason to assume that the district court will not rule promptly once it is advised that the NLRB has issued its ruling on the extent of the make-whole remedy, the issue as to which the General Counsel sought clarification.

This case is unlike Moses H. Cone, 460 U.S. at 9-10, where the stay of the federal suit pending resolution of the state suit meant that there would be no further litigation in

8

the federal forum, and is more like Marcus, 38 F.3d at 1370, where we held that "[a]ppellate review is inappropriate here because the stay entered by the district court merely delays the federal litigation and does not effectively terminate it." See also Schall, 885 F.2d at 104-05 (same).

We have also considered but reject the possibility that this case falls within the small class of collateral orders that are reviewable even though they do not terminate the underlying litigation under the "collateral order" doctrine first announced in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949). The collateral order doctrine allows an appellate court to review a collateral order that (1) finally resolves a disputed question; (2) raises an important issue distinct from the merits of the case; and (3) is effectively unreviewable on appeal from a final judgment. Praxis Properties, Inc. v. Colonial Sav. Bank, S.L.A., 947 F.2d 49, 54 (3d Cir. 1991). The stay order in this case could not qualify as a collateral order because, inter alia, it does not finally resolve a disputed question but merely postpones the district court's decision to enforce or vacate the arbitration award. See, generally , Rolo v. General Develoment Corp., 949 F.2d 695 (3d Cir. 1991) (stay order that merely delays resolution in the district court not reviewable under collateral order doctrine).

Based on the foregoing analysis, we come to the inevitable conclusion that the order granting a stay in this case is not an appealable order. There is only one other vehicle by which the order could come before us for review at this time, i.e., on a petition for mandamus which is appropriate when a district court has refused to act on a motion within its jurisdiction. Before we would construe the appeal as a request for mandamus under 28 U.S.C. S 1651, see Cheyney, 703 F.2d at 736, we would have to find that the district court committed a clear error " `approach[ing] the magnitude of an unauthorized exercise of judicial power, or a failure to use that power when there is a duty to do so'." Richman Bros. Records, 953 F.2d at 1448 (quoting Lusardi v. Lechner, 855 F.2d 1069, 1069 (3d Cir. 1988)). This is not such a case.

9

The Union correctly notes that, as a general matter, the "mere possibility of a conflict [between the NLRB and the district court] is no barrier to enforcement of the [arbitration] award," nor does a "pending charge before the NLRB require stay or dismissal of the enforcement suit." Sheet Metal Workers' Int'l Ass'n, Local No. 252 v. Standard Sheet Metal, Inc., 699 F.2d 481, 483-84 (9th Cir. 1983) (citing Orange Belt Dist. Council of Painters No. 48 v. Maloney Specialties, Inc., 639 F.2d 487, 490 (9th Cir. 1980) (potential for conflict between arbiter's award and NLRB decision does not preclude district court's confirmation of award)).

We need not decide how we would rule on the stay if it were properly before us for review in the course of an appeal. It is not, and nothing about the circumstances in this case would impel us to issue a writ of mandamus. See United Ass'n of Journeymen and Apprentices of the Plumbing and Pipe Fitting Indust., Local Union No. 525 v. Foley, 380 F.2d 474 (9th Cir. 1967) (denying mandamus petition to vacate stay pending outcome of related proceedings before NLRB).

III.

For the reasons set forth, this appeal will be dismissed for lack of jurisdiction.

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit

10