

Opinions of the United
States Court of Appeals
for the Third Circuit

2-12-2003

# Karaha Bodas Co LLC v. Virginia Indonesia

Precedential or Non-Precedential: Non-Precedential

Docket 02-2480

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Karaha Bodas Co LLC v. Virginia Indonesia" (2003). *2003 Decisions.* Paper 805.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/805

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 02-2480 and 02-3029
_____

KARAHA BODAS COMPANY, LLC,

Appellant

v.

VIRGINIA INDONESIA COMPANY; BP MURIAH LTD.,
f/k/a Atlantic Richfield Muriah, Inc.;
BP BERAU, LTD., f/k/a Atlantic Richfield
Berau, Inc.; BP KANGEN, LTD; ARCO UNIMAR HOLDINGS, LLC;
LASMO OIL & GAS; VIRGINIA INTERNATIONAL COMPANY;
EXXONMOBIL OIL INDONESIA, INC.; MOBIL EXPLORATION
INDONESIA, INC.; MOBIL NATUNA D-ALPHA; MOBIL
MAKASSAR INC.; AMOSEAS INDONESIA, INC.; CHEVRONTEXACO CORP;
PERUSAHAAN PERTAMBANGAN MINYAK DAN GAS BUMI NEGARA;
MINISTRY OF FINANCE OF THE REBUBLIC OF INDONESIA

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

(D.C. No. 02-cv-00020)
District Judge:  The Honorable Gregory M. Sleet
_____

ARGUED DECEMBER 16, 2002

BEFORE: NYGAARD, ALITO, and McKEE, Circuit Judges.


(Filed      February 12, 2003          )
_____

Thomas P. Preston, Esq. (Argued)
Reed Smith
1201 Market Street
Suite 1500
Wilmington, DE 19801
     Counsel for Appellant


Robert K. Payson, Esq.
Potter, Anderson & Corroon
1313 North Market Street
6th Floor, PO Box 951
Wilmington, DE 19899
     Counsel for Appellees Virginia Indonesia, BP Muriah Ltd., BP Berau Ltd.,   BP
     Kangen, Arco Unimar Holdings, Lasmo Oil & Gas, Virginia Intl. Co.

William J. Wade, Esq. (Argued)
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
    Counsel for Appellees Exxonmobil Oil Indonesia, Inc., Mobil Exploration
    Indonesia, Inc., Mobil Natuna D Alpha, Mobil Makassar, Inc.

Michael F. Bonkowski, Esq.
Saul Ewing, Esq.
222 Delaware Avenue
P.O. Box 1266, Suite 1200
Wilmington, DE 19899

Raymond A. Cardozo, Esq.
Crosby, Heafey, Roach & May
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111
    Counsel for Amoseas Indonesia, Chevrontexaco Corp.

C. Malcolm Cochran, IV, Esq.
David A. Felice, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

Matthew D. Slater, Esq. (Argued)
Cleary, Gottlieb, Steen & Hamilton
2000 Pennsylvania Avenue, N.W.
Suite 9000
Washington, DC 20006-1801
    Counsel for Appellees Perusahaan Pertambangan Minyak Dan Gas Bumi
    Negara

—————————

OPINION OF THE COURT
—————————

NYGAARD, Circuit Judge
    Karaha Bodas Company, LLC sought to collect on a $261 million judgment ordered against Perusahaan Pertambangan Minyak Dan Gas Bumi Negara ("Pertamina") as a result of international arbitration. The District Court issued sixteen Writs of Execution and Attachment and Restraining Notices. Because of a parallel New York proceeding involving overlapping questions about ownership of certain proceeds, the District Court stayed its proceeding in the interests of judicial economy and to avoid potentially inconsistent rulings. The District Court then stayed enforcement of the restraints until it could address the validity of the restraints on the basis of an adequate record and with the benefit of the potentially dispositive ruling in New York on many of the same legal and factual issues. The only issue we need decide is whether we have appellate jurisdiction over two sets of non-final orders of the District Court temporarily staying proceedings during the pendency of parallel proceedings in another federal district court. We conclude that we do not have jurisdiction and will dismiss the appeal, because the stay orders are not final under 28 U.S.C.   1291.
    To be considered final, an order must first "dispose of all claims presented to the district court" and, second, the order must leave "nothing further for the district court to

do." Michelson v. CitiCorp Nat'l Servs., Inc., 138 F.3d 508, 513 (3d Cir. 1998). We have frequently iterated "the usual rule that a stay is not ordinarily a final decision for purpose of 1291, since most stays do not put the plaintiff effectively out of court." Id. at 508 (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 10, n.11 (1983)).

Here, the District Court explicitly held in the May 10 order that the Stay Orders were not final, did not resolve all of the outstanding issues, and were subject to the District Court's further review. The District Court did not rule on the merits of the arguments raised in the Motion to Quash, and reserved the right to revisit the issue of enforceability:

> This ruling, as well as the court's April 26, 2002 Memorandum and Order, should not be interpreted as in any way making a determination of the validity, or invalidity, of the writs and notices at issue. Consideration of that matter, if necessary, is deferred until another day.

The District Court is simply deferring issuing a final decision on the merits until the conclusion of related proceedings, which could have res judicata implications.

There exists, however, "a narrow class of collateral orders which do not meet [the] definition of finality, but which are nevertheless immediately appealable under 1291." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 712 (1996). KBC argues that the collateral order exception to the finality requirement known as the Cohen Doctrine allows jurisdiction in the instant case. In order to qualify for this exception, KBC must satisfy the three-pronged collateral order test. Gulfstream AeroSpace Corp. v. Mayacamas, 485 U.S. 271, 276 (1988). We have "consistently maintained that the collateral order doctrine must be sparingly applied, 'lest the exception swallow up the salutary general rule.'" Gold v. Johns-Manville Sales Corp., 723 F.2d 1068 (3d Cir. 1983).

Here, we conclude that the narrow collateral order exception is inapplicable because disputed questions have not been "conclusively" determined. Gulfstream, 485 U.S. at 276.

In addition, we find Appellant's contention that the stay orders are appealable interlocutory orders under 28 U.S.C. 1292(a)(1) to be sophistic. See Cofab, Inc. v. Philadelphia Joint Bd., Amalgamated Clothing & Textile Workers Union, 141 F.3d 105, 108 (3d Cir. 1998) ("The district court 'enjoined' no party or proceeding but rather stayed its own action regarding the arbitration award pending the outcome of a final NLRB ruling.").

In sum, the stay order is not final and we will dismiss the appeal.
TO THE CLERK:

Please file the foregoing opinion.


/s/ Richard L. Nygaard

_____
Circuit Judge