

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-16-2005

# Nicholas v. Wyndham Intl Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2339

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Nicholas v. Wyndham Intl Inc" (2005). *2005 Decisions.* Paper 534.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/534

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-2339
_____


FLORA NICHOLAS;
PAUL GAYTER

v.

WYNDHAM INTERNATIONAL, INC.;
WYNDHAM MANAGEMENT CORP.;
SUGAR BAY CLUB AND RESORT CORP.;
RICK BLYTH;
BRYAN HORNBY

Bryan Hornby,

Appellant


_____


ON APPEAL FROM THE DISTRICT
OF THE VIRGIN ISLANDS

Dist. Court Civil Action No. 01-cv-00147
District Judge:  The Honorable Curtis V. Gomez

_____


Submitted pursuant to Third Circuit L.A.R. 34.1(a) on July 15, 2005

Before:  ALITO, VAN ANTWERPEN, and ALDISERT, <u>Circuit</u> <u>Judges</u>


(Filed: September 16, 2005)

OPINION OF THE COURT

PER CURIAM:

This is a civil action against Bryan Hornby, a citizen of Zimbabwe, for sexual misconduct with a then nine-year-old girl, "S.G.", a resident of Virginia, when Hornby was working as a children's activities counselor at the Wyndham Sugar Bay Club and Resort in St. Thomas, the Virgin Islands. Hornby has already been convicted of one count of unlawful sexual contact with S.G. Hornby now appeals the District Court's Order of April 25, 2005, denying his motion to stay S.G.'s civil case pending resolution of: 1) an outstanding criminal complaint for sexual misconduct against another girl ("N.R."), and 2) allegedly ongoing criminal investigations relating to sexual misconduct against two other girls (N.R. and "P.E.").

Before considering the merits of this appeal, we must determine if we have appellate jurisdiction to decide whether the District Court erred in denying Hornby's motion for a stay. A decision is ordinarily unappealable under the "final judgement rule" of 28 U.S.C § 1291 unless it disposes of all claims presented to the trial court and leaves nothing for that court to do but execute the judgment. Michelson v. Citicorp Nat'l Servs., Inc., 138 F.3d 508, 513 (3d Cir. 1998). The order in this case is plainly not "final" in the usual sense, but we must consider whether the collateral order doctrine applies.

## I.

To qualify as an appealable collateral order, an order must "conclusively" determine an "important" issue "completely separate" from the underlying merits of the action, and must be "effectively unreviewable on appeal from a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978).

The grant or denial of a stay of a civil lawsuit is generally not appealable as a collateral order. See Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 275 (1988); 15A Charles Alan Wright et al., Federal Practice and Procedure § 3914.13 (2d ed. 1992 & Supp. 2005). Denial of a stay "is simply a step in the process of bringing a case to final judgment and can be effectively reviewed on appeal from that judgment." Gold v. Johns-Manville Sales Corp., 723 F.2d 1068, 1071-1072 (3d Cir. 1983). This case is no exception. A judgment against Hornby could be vacated and the case stayed so that the retrial would occur after any criminal cases had concluded, thereby giving Hornby the effect of a stay.

## II.

Hornby has also requested, if his other jurisdictional arguments concerning the stay order do not convince this Court, that this Court treat his appeal as a petition for mandamus.

Mandamus is extraordinary relief, and is only warranted if the District Court did not have the authority to enter the order in question, and only if the party seeking the writ

demonstrates that "its right to the writ is clear and indisputable." In re Federal-Mogul Global, Inc., 300 F.3d 368, 379 (3d Cir. 2002) (citations omitted). In general, the power to temporarily stay proceedings lies within the informed, sound discretion of the district courts. See Landis v. North American Co., 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."); Standard Sanitary Mfg. Co. v. United States, 226 U.S. 20, 52 (1912) (trial court has discretion under the Sherman Act to determine whether to stay civil action pending outcome of criminal trial); see also Cofab, Inc. v. Philadelphia Joint Bd. Amalgamated Clothing & Textile Workers Union, AFL CIO-CLC, 141 F.3d 105, 110 (3d Cir. 1998) (declining to issue writ of mandamus reversing an order staying a federal action pending completion of related proceedings before the National Labor Relations Board).

Hornby has asserted that "Counsel for Plaintiffs has so interposed himself into the criminal process as to orchestrate and manipulate the timing, chronology, and testimony in the criminal proceedings," thereby transforming the civil proceedings into "a mere 'stalking horse'" for the criminal investigations in the sexual misconduct cases against Hornby. Brief for Appellant at 15. Thus mandamus is warranted, Hornby argues, because "the issue before the court is the very integrity of prosecutorial authority and the

-4-

usurpation of prosecutorial discretion for a private agenda." Id. at 32.

Because the record does not support Hornby's claim, mandamus is unwarranted at this time.