**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 27 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| R. ANDRE KLEIN, on behalf of himself and all other stockholders of Apple Inc., <br><br> Plaintiff-Appellant, <br><br> v. <br><br> TIMOTHY D. COOK; et al., <br><br> Defendants-Appellees. | No.　15-16230 <br><br> D.C. No. 5:14-cv-03634-EJD <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted July 6, 2016
San Francisco, California

Before: SILVERMAN, and NGUYEN, Circuit Judges, and GARBIS,[**] District
Judge.

R. Andre Klein appeals from a temporary stay order issued by the district

court pursuant to its inherent power to control its docket.   Because we lack

---

[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]　　The Honorable Marvin J. Garbis, United States District Judge for the
District of Maryland, sitting by designation.

jurisdiction, we dismiss Klein's appeal.

1.   A stay order is generally not appealable under 28 U.S.C. § 1291.  *See, e.g.*, *Stanley v. Chappell*, 764 F.3d 990, 993-95 (9th Cir. 2014).   Klein argues that the district court's order puts him "effectively out of court" and is therefore immediately appealable under the doctrine of *Moses H. Cone Mem'l Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 9-10 (1983).   Unlike the stay order in *Moses H. Cone*, however, the district court here specifically contemplated ongoing litigation of Klein's claims in federal court: It expressly stated that it *would* adjudicate Klein's claims, repeatedly characterized its stay order as "temporary," and stressed that the state action "would *not* preclude [Klein's prosecution of his federal claim] altogether since [the district court] would retain jurisdiction over it." (emphasis added).   *Cf. Silberkleit v. Kantrowitz*, 713 F.2d 433, 434 (9th Cir. 1983) (stay order appealable where district court expressly held that "collateral estoppel would resolve or limit the issues to be decided in federal court.").   Given this careful, limiting language and Klein's failure to establish a substantial possibility that the state proceedings will bar his federal claim in this case, we cannot say that "the sole purpose and effect of the stay" was "to surrender jurisdiction of a federal suit to a state court."   *Moses H. Cone*, 460 U.S. at 10 n. 11.   *Cf. Lockyer v. Mirant*

*Corp.*, 398 F.3d 1098, 1103 (9th Cir. 2005) (distinguishing appealable stay order from "situations in which the district court clearly foresees and intends that proceedings will resume after the stay has expired") (citing *Cofab, Inc. v. Phila. Joint Bd., Amalgamated Clothing & Textile Workers' Union*, 141 F.3d 105, 109 (3d Cir. 1998) (holding that *Moses H. Cone* did not apply where the district court had no intention to "'deep six' the suit")).[1]

2. The temporary stay is not an appealable collateral order under *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949). Klein's justification for his immediate appeal of the stay is not "sufficiently strong to overcome the usual benefits of deferring appeal until litigation concludes." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 107 (2009). The substantive claim asserted by Klein implicates an initial *state law* question that the district court acknowledged may have no effect whatsoever on Klein's federal claim. Some or all aspects of that claim may yet be decided by the district court, and may ultimately be reviewable in

---

[1] Klein cites to *Cottrell v. Duke*, 737 F.3d 1238 (8th Cir. 2013), but in that case, the district court's "stated objective was to surrender complete jurisdiction to [the state court] and allow Delaware to fully adjudicate the controversy." *Id.* at 1244. In addition, the appellant there showed that the state proceeding would "have the realistic effect of precluding *any* future proceedings in federal court." *Id.* (emphasis added). Klein failed to make a similar showing in this appeal.

this court.  On this record, Klein has not demonstrated that the propriety of the temporary stay here is an issue "too important to be denied review."  *Cohen*, 337 U.S. at 546; *cf. Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 878 (1994) (finding that refusal to enforce a settlement agreement did "not rise to the level of importance needed for recognition under" the collateral order doctrine).

3.  Because Klein failed to discuss any of the appropriate factors to decide whether an otherwise non-appealable order should be treated as a petition for a writ of mandamus, we decline to exercise jurisdiction on that basis.  *See Cheney v. U.S. Dist. Court for D.C.,* 542 U.S. 367, 381 (2004) (petitioner must show right to issuance of a writ is "clear and indisputable.").

**APPEAL DISMISSED.**