Charlie FLOYD Plaintiff

v.

AMITE COUNTY SCHOOL DISTRICT;
Amite County Board of Education;
John Davis, Individually and in His
Official Capacity; Beachum Williams,
Individually and in His Official Ca-
pacity; and Mary Russ, Individually
and in Her Official Capacity Defen-
dants

No. CIV.A. 3:04CV78LN.

United; States District Court,
S.D. Mississippi,
Jackson Division.

June 17, 2005.

Gregg L. Spyridon, Michael W. Rut-
ledge, Spyridon, Koch & Palermo, LLC,
Metairie, LA, for Plaintiff.

James A. Keith, Janet McMurtray,
Adams and Reese, Jackson, MS, for De-
fendants.

694

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on motion of defendants to abstain and dismiss plaintiff's claims for injunctive and declaratory relief and to stay plaintiff's remaining claims pending completion of the state court action involving plaintiff and two of the defendants, the Amite County School District (School District) and the Amite County Board of Education (School Board). Plaintiff Charlie Floyd has responded in opposition. The court, having considered the memoranda and submissions of the parties, concludes that defendants' motion should be granted.

This case arises from plaintiff's termination from employment with the Amite County School District. On November 15, 2002, defendant Mary Russ, in her then-capacity as interim superintendent of education for the School District, notified plaintiff of her decision to terminate his employment as the principal of Amite County High School. Her letter to Floyd set forth numerous reasons for his termination, as follows:

(1) improper handling of tobacco violations by students, including charging students a $75.00 fine, suspending such students until the fine was paid, and failing to account for monies received;

(2) inaccuracies, obliterations and additions in students' cumulative records;

(3) unauthorized removal of the physical science course from the curriculum;

(4) unexplained use of school property for private track and field events;

(5) failure to fulfill his duties as principal; and

(6) failure to complete student schedules for the 2002–2003 school year in a timely fashion.

Floyd requested a due process hearing in accordance with Mississippi Code Annotated § 37–9–59, which was held over four days in late March and early April of 2003.[1] In July 2003, after reviewing the report of the hearing officer and the transcript of the proceedings, the School Board voted unanimously to uphold Floyd's termination. Floyd subsequently appealed that decision to the Amite County Chancery Court, and on October 21, 2003, the Chancery Court issued an opinion overruling the School Board's decision, finding that it was arbitrary and capricious. The School Board appealed the decision to the Mississippi Supreme Court, where the case is currently pending.

On February 6, 2004, Floyd filed suit in this court against the School District, former district superintendent Mary Russ, and the School Board and two of its members, John Davis and Beachum Williams.[2] In his complaint, Floyd, who is black, alleged claims against defendants for race discrimination under Title VII,[3] bad faith breach of his employment contract, conspiracy to unlawfully terminate his employment, negligent and/or intentional infliction of emotional distress, defamation and tortious interference with his employment contract. He further alleged a claim against Russ for trespass to chattels based on allegations that she removed and destroyed personal items from his office. As relief, Floyd seeks compensatory and puni-

---

1. The hearing was initially set for December 2002, but Floyd filed a petition and motion with the Amite County Chancery Court seeking to enjoin the School Board from proceeding with the hearing. This motion was ultimately denied by the Chancery Court.

2. All individual defendants have been sued in their individual and official capacities.

3. Floyd filed a complaint with the Equal Employment Opportunity Commission on October 9, 2003, and received his notice of right to sue on November 13, 2003.

tive damages, and in addition, has asked that the court "[d]eclar[e] that Defendants violated his rights to nondiscriminatory treatment" and "[e]njoin[ ] Defendants from continuing to discriminate on the basis of race."

■ Defendants have moved the court abstain and dismiss plaintiff's claims for injunctive and declaratory relief pursuant to the abstention doctrine articulated in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and have moved to stay plaintiff's remaining claims pending resolution of defendants' appeal of the state action. Generally, *Younger* requires that federal courts abstain from hearing claims for injunctive or declaratory relief "[when] assumption of jurisdiction ... would interfere with pending state proceedings, whether of a criminal, civil, or even administrative character.'" *Louisiana Debating and Literary Ass'n v. City of New Orleans*, 42 F.3d 1483, 1489 (5th Cir.1995)(quoting *Word of Faith World Outreach Center Church, Inc. v. Morales*, 986 F.2d 962, 966 (5th Cir.1993)).[4]

■ Plaintiff argues initially that *Younger* abstention is not appropriate because he does not seek in this action to invalidate any state law proceeding. That is, he submits that this action will not "unduly interfere" with the state court proceeding, and maintains that he is thus not seeking equitable or injunctive relief as contemplated by *Younger*. *See Sierra Club v. City of San Antonio*, 112 F.3d 789, 797 (5th Cir.1997) (noting that *Younger* abstention is typically asserted "where the plaintiff brings suit in federal court, seeking to enjoin a state proceeding on grounds that his federal constitutional rights are being violated"); *Allen v. Loui-*

*siana State Bd. of Dentistry*, 835 F.2d 100, 104 (5th Cir.1988) (holding that while plaintiff's claim to enjoin enforcement of the Louisiana Dental Practice Act against him fell within scope of *Younger*, his requests to enjoin the defendant from threatening his employees or invading his privacy were not requests to enjoin state court proceedings and thus fell outside scope of *Younger*). While the court agrees that Floyd's claim to enjoin defendants "from continuing to discriminate on the basis of race" does not constitute an attempt to enjoin the state court proceedings, his request for an order "[d]eclaring that Defendants violated his rights to nondiscriminatory treatment" falls under the purview of the *Younger* abstention doctrine.

In *Samuels v. Mackell*, 401 U.S. 66, 72, 91 S.Ct. 764, 27 L.Ed.2d 688(1971), the Supreme Court extended the *Younger* abstention doctrine to actions for declaratory relief, stating;

the Declaratory Judgment Act provides that after a declaratory judgment is issued the district court may enforce it by granting '[f]urther necessary or proper relief,' 28 U.S.C. § 2202, and therefore a declaratory judgment issued while state proceedings are pending might serve as the basis for a subsequent injunction against those proceedings to 'protect or effectuate' the declaratory judgment, 28 U.S.C. § 2283, and thus result in a clearly improper interference with the state proceedings. Secondly, even if the declaratory judgment is not used as a basis for actually issuing an injunction, the declaratory relief alone has virtually the

---

4. The *Younger* abstention doctrine is not applicable to a claim for damages, *Lewis v. Beddingfield*, 20 F.3d 123, 125 (5th Cir.1994), and accordingly, defendants have asked the court to abstain and dismiss only plaintiff's claims for declaratory and injunctive relief and stay plaintiff's remaining claims for damages pending resolution of the state court appeal.

same practical impact as a formal injunction would.

As such, the court is of the opinion that the *Younger* abstention analysis is applicable to plaintiff's claim for declaratory relief.

■■■ For abstention to be proper under *Younger*, three criteria must be satisfied: (1) the dispute must involve an "ongoing state judicial proceeding," (2) an important state interest in the subject matter of the proceeding must be implicated, and (3) the state proceedings must afford an adequate opportunity to raise constitutional challenges. *Texas Ass'n of Business v. Earle*, 388 F.3d 515, 519 (5th Cir.2004). In their motion, defendants first contend that because the state court case is currently pending on appeal, it is clearly an ongoing state proceeding that is judicial in nature, and the court agrees. *See Louisiana Debating and Literary Ass'n v. City of New Orleans*, 42 F.3d 1483, 1490 (5th Cir.1995)(noting that "for *Younger* abstention [to apply], state proceedings must be ongoing and 'judicial in nature'"); *Tobias v. Amite County Bd. of Educ.*, Civil Action No. 3:94cv297WS (S.D.Miss. July 25, 1994)(Wingate, J.)(holding that plaintiff's appeal of a School Board decision to the Chancery Court constituted an "ongoing state judicial proceeding").

Secondly, defendants urge that the second prong of the *Younger* abstention analysis is met, in that the subject matter of the ongoing state proceeding implicates important state interests, specifically, the state interest in education and its interest in ensuring fair handling of employee matters by the county school systems, in accordance with the School Employment Procedures Act, Miss.Code Ann. § 37–9–101, *et seq.* This Act sets forth procedures for the handling of employment matters and is designed to protect the employee's due process rights. *See McKnight v.* *Mound Bayou Public School Dist.*, 879 So.2d 493, 497 (Miss.Ct.App.2004). In response to defendants' motion, Floyd argues that any interest the State may have in preserving the integrity of the Act is offset by the public interest in preventing racial discrimination. However, as defendants point out, that is not the relevant inquiry. The court's concern is whether the existing state court action implicates an important state interest, and because that action is rooted in the statutory procedure for resolving school employment matters, the second *Younger* abstention criterion is met. *See Tobias*, Civil Action No. 3:94cv297WS (finding an important state interest in the integrity of school employment decision and appeal process), *Burks v. Graves*, Civil Action No. 3:92cv721PN (S.D.Miss. November 24, 1993) (Pickering, J.) (same).

Finally, the court must consider whether there is an adequate opportunity in the state proceeding to raise constitutional challenges. Defendants argue that plaintiff could have raised all of his claims during the administrative hearing and the appeal to the Chancery Court, pointing out that under Mississippi Code Ann. §§ 37–9–111 and 37–9–113, the employee has the opportunity to present any matter relevant to the employer's reason for discontinuing employment at the hearing, and the Chancery Court has jurisdiction to determine whether the School Board's decision violated the employee's constitutional or statutory rights. Defendants further point out that several judges in the Southern District of Mississippi, in considering similar circumstances, have held that the state proceedings afforded the plaintiff an adequate opportunity to raise constitutional challenges, and that abstention was therefore proper. *See Gammage v. West Jasper Bd. of Educ.*, Civil Action No. 4:97cv52LN (S.D.Miss. October 2, 1997)(Lee, J.); *Tobias*, Civil Action No.

3:94cv297WS; *Burks v. Graves*, Civil Action No. 3:92cv721PN. This court likewise concludes that as to plaintiff's claim for declaratory relief, abstention under *Younger* is proper.

At the same time, the court recognizes that Floyd cannot present his claims for monetary damages in the state court proceeding, since that proceeding is merely a review of the defendants' decision to terminate plaintiff's employment; however, such claims are not subject to *Younger* abstention and dismissal. Accordingly, defendants' motion seeks dismissal only of plaintiff's claims for injunctive and declaratory relief, as permitted by *Younger*, and asks the court to stay plaintiff's remaining claims for monetary relief pending the resolution of the state proceeding.[5] In other words, the court retains jurisdiction over plaintiff's claims for damages and his corresponding causes of action, advanced by plaintiff in his complaint, which are not the subject of the state appeal.

Based on the foregoing, it is ordered that defendants' motion to abstain is granted, in that plaintiff's claim for declaratory relief is dismissed and his claims for injunctive relief and damages are stayed pending resolution of the state court proceedings.

---

5. Obviously, in the absence of plaintiff's claim for declaratory relief, *Younger* abstention would not be in order. In this regard, the court would note that given plaintiff's demand for compensatory and punitive damages for defendant's alleged race discrimination, his request for declaratory relief seems superfluous—an empty claim for relief. Nevertheless, he has elected to pursue this claim, and as such, must accept the consequence—a stay under *Younger*.