# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JAMES ALLEN THOMPSON,
            *Petitioner-Appellee,*

v.

CLAYTON FRANK, Dir. Dept. Public
Safety, State of HI; et al.,
            *Respondents-Appellants.*

No. 08-16982

D.C. No.
1:08-cv-00218-
SOM-LEK

OPINION

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, Chief District Judge, Presiding

Submitted March 9, 2010*
San Francisco, California

Filed March 30, 2010

Before: Ferdinand F. Fernandez, Michael Daly Hawkins and
Sidney R. Thomas, Circuit Judges.

Per Curiam Opinion

---

*The panel unanimously finds this case suitable for decision without
oral argument. Fed. R. App. P. 34(a)(2).

## COUNSEL

James M. Anderson, Deputy Prosecuting Attorney, City and County of Honolulu, Honolulu, Hawaii, for the respondent-appellant.

Peter C. Wolff, Jr., Federal Public Defender, District of Hawaii, Honolulu, Hawaii, for the petitioner-appellee.

## OPINION

PER CURIAM:

The State of Hawaii and other respondents appeal the district court's order staying a 28 U.S.C. § 2254 habeas corpus petition filed by James Thompson, a Hawaii state prisoner, who is serving a sentence of life with possibility of parole and other concurrent sentences after his conviction of several counts of sexual assault, attempt, and kidnapping. The district court stayed proceedings in the case pending exhaustion of his unexhausted claims in state court. We conclude we lack appellate jurisdiction over the interlocutory appeal and dismiss it.

By statute, Courts of Appeals "have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ." 28 U.S.C. § 1291. A final decision is typically one "by which a district court disassociates itself from a case." *Swint v. Chambers County Comm'n*, 514 U.S. 35, 42 (1995). The Supreme Court "has long given § 1291 a practical rather than a technical construction." *Mohawk Indus., Inc. v. Carpenter*, 130 S. Ct. 599, 605 (2009) (citing *Cohen v. Benefit Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)).

[1] Under the collateral order doctrine, the Courts of Appeals have jurisdiction over a "narrow class of decisions that do not terminate the litigation, but must, in the interest of achieving a healthy legal system, nonetheless be treated as final." *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994) (internal quotation marks and citation omitted). However, the Supreme Court has cautioned that the collateral order doctrine "must never be allowed to swallow the general rule that a party is entitled to a single appeal, to be deferred until final judgment has been entered." *Mohawk*, 130 S. Ct. at 605 (internal quotation marks omitted).

[2] In order to satisfy the collateral order rule's exacting standard, "an order must (1) conclusively determine the dis-

puted question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)) (internal quotation marks omitted). All three requirements must be met for us to exercise appellate jurisdiction.

**[3]** In this case, the third requirement is not satisfied. A district court order staying proceedings to allow a state habeas petition to exhaust claims in state court is reviewable on appeal after final judgment. *Valdovinos v. McGrath*, __ F.3d __, No. 08-15918, 2010 WL 789536, at *4 (9th Cir. Mar. 10, 2010); *Olvera v. Giurbino*, 371 F.3d 569, 574 (9th Cir. 2004). Similarly, any error that the district court made in determining whether certain claims had been exhausted can be remedied fully on appeal from the final judgment. *See, e.g.*, *Johnson v. Zenon*, 88 F.3d 828, 830-31 (9th Cir. 1996) (addressing on the merits the state's argument regarding exhaustion on appeal after final judgment); *Taylor v. Cain*, 545 F.3d 327, 333 (5th Cir. 2008) (same).

**[4]** In sum, because a district court's conclusion about whether a habeas claim has been exhausted is addressable on appeal after final judgment, the requirements of the collateral order doctrine are not satisfied. We lack appellate jurisdiction over this appeal and must dismiss it.[1]

**DISMISSED.**

---

[1]The procedural posture of *Rhines v. Weber*, 544 U.S. 269 (2005), does not compel a contrary conclusion, as the state contends. The question of appellate jurisdiction under the collateral order doctrine was not raised or discussed in *Rhines*, which pre-dated the Supreme Court's specific discussion in *Mohawk*. When the Supreme Court does not address a jurisdictional issue directly, any *sub silentio* assumption of jurisdiction in a case "does not constitute binding authority" on the jurisdictional question. *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1363 (9th Cir.1998); *see also Marley v. United States*, 567 F.3d 1030, 1038 (9th Cir. 2009) (same).