**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

<table>
<tr><td>

JERRY F. STANLEY,<br>
     *Petitioner-Appellant*,<br><br>
    v.<br><br>
KEVIN CHAPPELL, Warden,<br>
     *Respondent-Appellee*.

</td><td>

No. 13-15987<br><br>
D.C. No.<br>
2:95-cv-01500-<br>
JAM-CKD<br><br>
OPINION

</td></tr>
</table>

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted
May 29, 2014—San Francisco, California

Filed August 13, 2014

Before: William A. Fletcher, Richard C. Tallman,
and Jay S. Bybee, Circuit Judges.

Opinion by Judge W. Fletcher

## SUMMARY[*]

### Habeas Corpus / Death Penalty

The panel dismissed for lack of jurisdiction a capital prisoner's appeal from the district court's order staying and holding in abeyance his federal habeas corpus proceeding pending exhaustion in state court of his challenge to state court holdings that a retrospective competency determination was feasible and that the petitioner was competent at the time of his penalty-phase trial.

The panel held that it lacked appellate jurisdiction because the district court's stay-and-abeyance order was not an appealable collateral order and was not appealable under *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.* as an order that put the petitioner effectively out of court. The panel declined to construe the appeal as a petition for a writ of mandamus.

### COUNSEL

Joseph Schlesinger (argued) and Tivon Shardl, Federal Public Defender's Office, Sacramento, California; Mark E. Olive, Law Offices of Mark E. Olive, P.A., Tallahassee, Florida, for Petitioner-Appellant.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Jesse N. Witt (argued), Deputy Attorney General, and Ward A. Campbell, Supervising Deputy Attorney General, Office of the California Attorney General, Sacramento, California, for Respondent-Appellee.

---

**OPINION**

W. FLETCHER, Circuit Judge:

This is the second time this capital case has come before us. The first was an appeal from the district court's partial judgment under Federal Rule of Civil Procedure 54(b), denying all of petitioner Gerald F. Stanley's guilt-phase claims and deferring adjudication of his penalty-phase claims pending retrospective competency proceedings in state court. We affirmed the district court in all respects. *Stanley v. Cullen*, 633 F.3d 852 (9th Cir. 2011). Of particular importance here, we affirmed the district court's decision to remand to state court. *Id.* at 863–64.

On remand, California trial courts held that a retrospective competency determination was feasible and that Stanley was competent at the time of his penalty-phase trial. Stanley challenged these state court holdings in his federal habeas proceeding, which had been held in abeyance. The district court concluded that exhaustion of state remedies was a prerequisite to its review of Stanley's challenge. The district court stayed and held in abeyance Stanley's challenge pending exhaustion in state court. Stanley appeals from the district court's stay-and-abeyance order.

We hold that we lack appellate jurisdiction.

## I. Background

Stanley was convicted in California state court in 1983 of first-degree murder of his estranged wife. During the penalty phase of his trial, Stanley's counsel moved for competency proceedings under California Penal Code § 1368. The court suspended the trial to allow a determination of Stanley's competency. After a month-long competency trial, a separate jury returned a verdict that Stanley was competent. The court then resumed the penalty-phase trial before the original jury. That jury returned a verdict of death.

Stanley unsuccessfully appealed his conviction and sentence to the California Supreme Court. Stanley then filed pro se a petition for habeas corpus in federal district court. The district court appointed federal public defenders to represent Stanley and stayed and held in abeyance his federal habeas petition while he exhausted his claims in state court.

After the California courts denied his state habeas petition, Stanley filed an amended federal habeas petition in district court. The amended petition asserted twenty-eight guilt- and penalty-phase claims. The district court denied all of Stanley's guilt-phase claims but held that a biased juror during the penalty-phase competency trial rendered invalid that jury's verdict of competency. It did not reach the remainder of Stanley's penalty-phase claims. It remanded to the California trial court, directing it "to determine whether a retrospective competency trial [could] be held and to hold such [a] trial if one is possible." The district court entered a partial judgment under Federal Rule of Civil Procedure 54(b) denying all of Stanley's guilt-phase claims and deferring adjudication of his penalty-phase claims pending completion of the proceedings on remand to state court.

On appeal, we affirmed the district court's remand order. *Stanley*, 633 F.3d at 857, 864. Following an evidentiary hearing, a California trial court held that a retrospective competency determination was feasible. A different California trial court held that Stanley was competent at the time of his penalty-phase trial.

Respondent Kevin Chappell, Warden of San Quentin State Prison, notified the district court that the state court proceedings had concluded and requested that the district court decide Stanley's unadjudicated penalty-phase claims. Stanley responded by challenging the outcome of the competency proceedings. He requested leave to brief the issue whether the state court proceedings had provided "meaningful, constitutionally valid determinations of feasibility and retrospective competency."

The district court directed the parties to brief the issue whether exhaustion of state court remedies was a prerequisite to federal review of the state court competency determinations. The court concluded that exhaustion of state remedies was required under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). It ordered Stanley's challenge to the state court competency determinations held in abeyance pending exhaustion in state court. Stanley appeals from this stay-and-abeyance order.

## II. Discussion

Before we can address the merits of Stanley's appeal, we must determine whether we have appellate jurisdiction under 28 U.S.C. § 1291. Stanley contends that there are two bases for appellate jurisdiction. First, he contends that the district court's stay-and-abeyance order is an appealable collateral

order under *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949). Second, he contends that the order is appealable under *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 9 (1983), because it puts Stanley "effectively out of court." Alternatively, Stanley contends that we should construe his appeal as a petition for a writ of mandamus under 28 U.S.C. § 1651. We address each contention in turn.

## A. Collateral Order

Under the collateral order doctrine articulated in *Cohen*, we have appellate jurisdiction over a "narrow class of decisions that do not terminate the litigation, but must, in the interest of achieving a healthy legal system, nonetheless be treated as final." *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994) (citation and internal quotation marks omitted). To come within this "narrow class of decisions," an order must, "[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008) (alterations in original) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978) (internal quotation marks omitted)).

In *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100 (2009), the Supreme Court emphasized the limited scope of the collateral order doctrine. The Court wrote that the doctrine "must never be allowed to swallow the general rule that a party is entitled to a single appeal, to be deferred until final judgment has been entered." *Id.* at 106 (internal quotation marks omitted). The Court held that a district court order denying an asserted claim of attorney-client privilege

and requiring that the documents in question be revealed does not qualify as an appealable collateral order under *Cohen*. *Id.* at 109. The Court explained that "postjudgment appeals generally suffice to protect the rights of litigants and ensure the vitality of the attorney-client privilege." *Id.*

Although not on all fours with the case now before us, our decision in *Thompson v. Frank*, 599 F.3d 1088 (9th Cir. 2010) (per curiam), addressed a closely related question. The state defendants in *Thompson* appealed a district court order staying and holding in abeyance Thompson's federal habeas petition while Thompson sought to exhaust his unexhausted claims in state court. *Id.* at 1089. The state defendants did not contend that Thompson did not need to exhaust. Rather, they contended that the district court erred in entering its stay-and-abeyance order. Noting the "exacting standard" of the collateral order doctrine, we held that the third *Cohen* requirement was not satisfied. We wrote:

> A district court order staying proceedings to allow a state habeas petition to exhaust claims in state court is reviewable on appeal after final judgment. Similarly, any error that the district court made in determining whether certain claims had been exhausted can be remedied fully on appeal from the final judgment.

*Id.* at 1090 (citations omitted).

Stanley points out that *Thompson* involved an appeal from the district court's stay-and-abeyance order where there was no dispute about whether the claims needed to be exhausted. He argues that *Thompson* does not apply because the question

here is whether his claims need to be exhausted in the first place. We acknowledge the distinction between *Thompson* and this case, but we conclude that *Thompson*'s underlying logic is nonetheless apposite.

If, on appeal from final judgment in the district court, we were eventually to conclude that exhaustion was not required, we would be unable to return to Stanley the time and resources he spent in exhausting his claims in state court. But the same was true in *Thompson*. If we had heard the appeal from the district court's stay-and-abeyance order and had reversed the district court, Thompson would almost certainly have been prevented from pursuing some (perhaps all) of his claims in federal court. Without a stay-and-abeyance order, Thompson would have been put to the choice of either abandoning his unexhausted claims so that he could proceed with an unmixed petition, *see Rose v. Lundy*, 455 U.S. 509, 520–21 (1982), or allowing dismissal of his mixed petition and filing a new petition after exhausting his unexhausted claims. If Thompson had chosen the second course, his new petition would almost certainly have been barred by AEDPA's one-year statute of limitations. The state defendants' inability to appeal the stay-and-abeyance order thus meant that, while the state might in the end prevail on the merits of Thompson's claims, it would have been required to spend considerable time and money that could not be recovered. We nonetheless declined to hear the state defendants' appeal. *Thompson*, 599 F.3d at 1090; *see Digital Equip.*, 511 U.S. at 872 ("[T]he mere identification of some interest that would be 'irretrievably lost' has never sufficed to meet the third *Cohen* requirement.").

The important point, for purposes of the collateral order doctrine, is that Stanley will eventually be able to present his

arguments to us, including his argument that exhaustion is not required. Although the district court's "ruling may burden [Stanley] in ways that are only imperfectly reparable by appellate reversal of a final district court judgment," *Mohawk*, 558 U.S. at 107 (internal quotation marks omitted), we cannot say that its order is effectively unreviewable on appeal from a final judgment.

## B. *Moses H. Cone*

In *Moses H. Cone*, a hospital brought suit in state court against a construction contractor, seeking a declaratory judgment that a contract with the contractor did not confer a right to arbitration. The contractor then brought suit in federal district court seeking an order compelling arbitration. 460 U.S. at 7. The district court stayed the action under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), pending resolution of the state court proceeding. *Moses H. Cone*, 460 U.S. at 13. The Supreme Court had previously held in *Idlewild Bon Voyage Liquor Corp. v. Epstein*, 370 U.S. 713 (1962) (per curiam), that a stay pursuant to *Pullman* abstention, *see R.R. Comm'n v. Pullman Co.*, 312 U.S. 496 (1941), was an appealable order because it put the plaintiff "effectively out of court." *Idlewild*, 370 U.S. at 714–15 & n.2 (internal quotation mark omitted). The Court held in *Moses H. Cone* that the district court's stay order put the federal plaintiff effectively out of court "even more surely than in *Idlewild*," and was therefore an appealable final order under § 1291. *Moses H. Cone*, 460 U.S. at 10. However, the Court was careful to note that a stay order is not ordinarily an appealable order for purposes of § 1291. It explained that a plaintiff is effectively out of court within the meaning of *Idlewild* only in "cases where (under *Colorado River*, abstention, or a closely similar

doctrine) the object of the stay is to require all or an essential part of the federal suit to be litigated in a state forum." *Id.* at 10 n.11.

We have applied the *Moses H. Cone* doctrine where there is a substantial possibility that proceedings in another court could moot a federal suit, *see Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1102 (9th Cir. 2005), and to stay orders that impose a lengthy or indefinite delay, even absent the risk that another proceeding will have res judicata effect on the federal case, *see Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 723–24 (9th Cir. 2007). Most recently, in *Davis v. Walker*, 745 F.3d 1303, 1307–08 (9th Cir. 2014), we held that a district court's stay of a prisoner's 42 U.S.C. § 1983 action until the prisoner was "restored to competency" was an appealable final decision under *Moses H. Cone*. We noted that there was no indication from the record that the prisoner would ever regain the competency needed to lift the stay order, and thus the stay was "both lengthy and indefinite, if not infinite." *Id.* at 1309.

Stanley is correct that exhausting state remedies will likely involve substantial delay. But unlike the stays at issue in *Blue Cross* and *Davis*, the district court's stay-and-abeyance order does not "amount[] to a refusal to proceed to a disposition on the merits," *id.* at 1308–09 (quoting *Blue Cross*, 490 F.3d at 724). And unlike the stay at issue in *Lockyer*, stay-and-abeyance orders are, as a general matter, "situations in which the district court clearly foresees and intends that proceedings will resume after the stay has expired." *Lockyer*, 398 F.3d at 1103.

Where the district court stays and holds in abeyance a petitioner's federal habeas claims to allow the petitioner to

exhaust his claims in state court, we cannot say that "the sole purpose and effect of the stay is precisely to surrender jurisdiction of a federal suit to a state court," *Moses H. Cone*, 460 U.S. at 10 n.11. Rather, such a stay "merely has 'the practical effect of allowing a state court to be the first to rule on a common issue.'" *Swanson v. DeSantis*, 606 F.3d 829, 834 (6th Cir. 2010) (quoting *Moses H. Cone*, 460 U.S. at 10 n.11). Because the district court's order does not put Stanley "effectively out of court," we are without appellate jurisdiction to determine the propriety of its order. *See Cofab, Inc. v. Phila. Joint Bd., Amalgamated Clothing & Textile Workers' Union*, 141 F.3d 105, 109 (3d Cir. 1998) (holding that *Moses H. Cone* did not apply where the district court had no intention to "'deep six' the suit").

## C. Mandamus

"We have authority to issue a writ of mandamus under the 'All Writs Act,' 28 U.S.C. § 1651." *Cohen v. U.S. Dist. Court*, 586 F.3d 703, 708 (9th Cir. 2009). We may treat an appeal from an otherwise nonappealable order as a petition for a writ of mandamus. *Miller v. Gammie*, 335 F.3d 889, 895 (9th Cir. 2003) (en banc). However, "[t]he writ of mandamus is an 'extraordinary' remedy limited to 'extraordinary' causes." *Burlington N. & Santa Fe Ry. v. U.S. Dist. Court*, 408 F.3d 1142, 1146 (9th Cir. 2005) (quoting *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380 (2004)). "[W]e will only issue the writ for usurpation of judicial power or a clear abuse of discretion." *Cordoza v. Pac. States Steel Corp*., 320 F.3d 989, 998 (9th Cir. 2003). "Whether we construe [an] appeal as [a petition for] a writ of mandamus depends on whether mandamus is itself justified." *Hernandez v. Tanninen*, 604 F.3d 1095, 1099 (9th Cir. 2010).

In *Bauman v. United States District Court*, 557 F.2d 650 (9th Cir. 1977), we established five guidelines to guide the inquiry whether mandamus is appropriate in a given case: whether (1) the petitioner has no other adequate means, such as a direct appeal, to obtain the desired relief; (2) the petitioner will be damaged or prejudiced in any way not correctable on appeal; (3) the district court's order is clearly erroneous as a matter of law; (4) the district court's order is an oft-repeated error or manifests a persistent disregard of the federal rules; and (5) the district court's order raises new and important problems or issues of first impression.  *Id.* at 654–55.

Not all five of these factors must be satisfied in order to grant mandamus.  "[R]arely if ever will a case arise where all the guidelines point in the same direction or even where each guideline is relevant or applicable."  *Id.* at 655.  "However, the absence of the third factor, clear error, is dispositive."  *Burlington*, 408 F.3d at 1146.  This factor is dispositive here.

We may hold that the district court's ruling is "clearly erroneous as a matter of law as that term is used in mandamus analysis . . . only when, after a full review of the authorities, we are firmly convinced that the district court's interpretation was incorrect."  *In re Cement Antitrust Litig.*, 688 F.2d 1297, 1306 (9th Cir. 1982) (internal quotation marks omitted). There is a dearth of case law on the question whether exhaustion is required in the circumstances presented in this case, and the question appears to us to be close.  "Whether or not the district court's interpretation is ultimately upheld on appeal after final judgment, we cannot now find it to be clearly erroneous as a matter of law . . . ."  *United States v. Mehrmanesh*, 652 F.2d 766, 771 (9th Cir. 1981) (internal

quotation marks omitted).  We therefore decline to construe Stanley's appeal as a petition for a writ of mandamus.

**Appeal DISMISSED for Lack of Jurisdiction.**