**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GREGORY CALVIN SMITH, | No. 14-15296 |
| Petitioner - Appellant, | |
| v. | D.C. No. CV 04-3436 JSW |
| KEVIN CHAPPELL, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted September 9, 2014[**]
San Francisco, California

Before: BEA, IKUTA, and HURWITZ, Circuit Judges.

Gregory Calvin Smith appeals the denial of his motion to stay federal habeas

proceedings in the district court while he returns to state court to exhaust 18 of the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

-1-

60 claims raised in his second amended federal habeas petition. We lack appellate jurisdiction over this interlocutory appeal. District court orders denying motions to stay federal habeas proceedings to allow the exhaustion of state remedies are reviewable on appeal after the district court enters a final judgment. *See, e.g.*, *Blake v. Baker*, 745 F.3d 977, 979–80, 983–84 (9th Cir. 2014); *Wooten v. Kirkland*, 540 F.3d 1019, 1022–24 (9th Cir. 2008); *Olvera v. Giurbino*, 371 F.3d 569, 572–74 (9th Cir. 2004); *cf. Thompson v. Frank*, 599 F.3d 1088, 1090 (9th Cir. 2010) (per curiam); *Stanley v. Chappell*, No. 13-15987, 2014 WL 3930452, at *2–4 (9th Cir. Aug. 13, 2014) (holding an order granting a motion to stay is not an appealable final order). Therefore, the district court's order here fails the third requirement of the collateral order doctrine, that the order be "effectively unreviewable on appeal from a final judgment," *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978). The district court's decision to adjudicate Smith's exhausted claims does not change this conclusion. If we determine on appeal of final judgment that the district court erred in denying the stay, we can remand with instructions to stay Smith's unexhausted claims until he has exhausted his state remedies. *See, e.g., Olvera*, 371 F.3d at 573–74. Because the district court could then consider any new evidence presented by Smith to the state court, Smith's argument that *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011) affects our analysis is

-2-

meritless.

**DISMISSED.**