NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 14 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DOUGLAS M. THOMPSON and LISA MAE THOMPSON, <br><br> Petitioners-Appellants, <br><br> v. <br><br> COMMISSIONER OF INTERNAL REVENUE, <br><br> Respondent-Appellee. | No.   17-71027 <br><br> Tax Ct. No.  6613-13 <br><br> MEMORANDUM[*] |

Appeal from a Decision of the
United States Tax Court

Submitted November 9, 2018[**]
Seattle, Washington

Before:  McKEOWN and FRIEDLAND, Circuit Judges, and COLLINS,[***] District Judge.

Appellants Douglas and Lisa Mae Thompson appeal the Tax Court's denial

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

of their motion to disqualify, which centered on the argument that 26 U.S.C. § 7443(f) is unconstitutional.  The Thompsons effectively sought to have the Tax Court judge in their case, and all Tax Court judges, disqualified on the ground that the President's ability to remove a Tax Court judge for cause violates separation of powers principles.  The Tax Court denied the motion, and the Thompsons brought this interlocutory appeal.  The appeal is DISMISSED for lack of jurisdiction, and the Thompsons's alternative request for a writ of mandamus is DENIED.

We review decisions of the Tax Court "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury."  26 U.S.C. § 7482(a)(1).  Congress has generally limited our appellate jurisdiction to "final decisions" of the district courts.  28 U.S.C. § 1291.  There are also several "carefully delimited classes of interlocutory orders excepted from the final judgment rule," *Solis v. Jasmine Hall Care Homes, Inc.*, 610 F.3d 541, 543 (9th Cir. 2010) (citing 28 U.S.C. § 1292), but none of those classes of orders are at issue here.  The Thompsons concede that no "final decision" has been entered in this case.

The collateral order doctrine does not provide us with appellate jurisdiction here.  The doctrine only applies to decisions "that are (1) conclusive, (2) that resolve important questions separate from the merits, and (3) that are effectively unreviewable on appeal from the final judgment in the underlying action."  *D.C.*

*Comics v. Pac. Pictures Corp.*, 706 F.3d 1009, 1012-13 (9th Cir. 2013) (quoting *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 130 (2009)). We have held that a judge's decision not to disqualify his or her self "cannot be appealed until a direct appeal is taken from a final decision adverse to the moving party." *In re Horton*, 621 F.2d 968, 970 (9th Cir. 1980); *see also In re Cement Antitrust Litig.*, 673 F.2d 1020, 1023-25 (9th Cir. 1982) (declining to permit an immediate appeal under the collateral order doctrine of an order granting a motion to recuse the presiding judge because it did not irrevocably violate a cognizable right).

Furthermore, even if the Thompsons's challenge is interpreted more broadly than a recusal motion, the challenge to the constitutionality of the Tax Courts' structure would not be effectively unreviewable on appeal from the final judgment. "[I]t is not mere avoidance of a trial, but avoidance of a trial that would imperil a substantial public interest, that counts when asking whether an order is 'effectively' unreviewable if review is to be left until later." *Will v. Hallock*, 546 U.S. 345, 353 (2006). Separation of powers has only been held to meet that high bar and justify immediate review in the context of absolute Executive immunity. *See id.* at 350 (discussing *Nixon v. Fitzgerald*, 457 U.S. 731, 742 (1982)). The Thompsons have not demonstrated any similarly "substantial public interest" that is imperiled here.

The Thompsons's second argument, that the order falls within the "twilight

zone of finality" under *Gillespie v. United States Steel Corp.*, 379 U.S. 148 (1964), also fails. The exception allowing immediate review under *Gillespie* has been limited to near non-existence, with the Supreme Court remarking, "[i]f *Gillespie* were extended beyond the unique facts of that case, § 1291 would be stripped of all significance." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 477 n.30 (1978), *superseded on other grounds by rule*, Fed. R. Civ. P. 23(f), *as recognized in Microsoft Corp. v. Baker*, 137 S. Ct. 1702 (2017). We have further explained that to qualify for immediate review under *Gillespie*, four factors must be satisfied:

> (1) The decision appealed was a marginally final order, (2) which disposed of an unsettled issue of national significance, (3) review implemented the same policy Congress sought to promote in § 1292(b), and (4) the finality issue was not presented to the appellate court until argument on the merits.

*Solis*, 610 F.3d at 544 (quoting *SEIU, Local 102 v. Cty. of San Diego*, 60 F.3d 1346, 1350 (9th Cir. 1994)). Applying this test, we have noted that "[w]here a well-taken motion to dismiss for lack of jurisdiction is filed before the briefs are filed, we are unable to imagine how the fourth [*Coopers*] requirement could be satisfied." *Id.* at 545. The Government filed a motion to dismiss the present interlocutory appeal before the Thompsons's opening brief was filed. Therefore, the fourth factor under *Coopers* is not satisfied.

Finally, even construing the Thompsons's filing as a petition for a writ of mandamus, they are not entitled to relief. Mandamus "is a drastic and

4

extraordinary remedy reserved for really extraordinary causes." *In re United States*, 791 F.3d 945, 954 (9th Cir. 2015) (quoting *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380 (2004)). The writ is not intended to "be used as a substitute for the regular appeals process." *Cheney*, 542 U.S. at 380-81.

Five considerations help us determine if mandamus is appropriate:

> whether (1) the petitioner has no other adequate means, such as a direct appeal, to obtain the desired relief; (2) the petitioner will be damaged or prejudiced in any way not correctable on appeal; (3) the district court's order is clearly erroneous as a matter of law; (4) the district court's order is an oft-repeated error or manifests a persistent disregard of the federal rules; and (5) the district court's order raises new and important problems or issues of first impression.

*Stanley v. Chappell*, 764 F.3d 990, 996 (9th Cir. 2014) (summarizing *Bauman v. U.S. Dist. Court*, 557 F.2d 650, 654-55 (9th Cir. 1977)).

The Thompsons do not explain how their challenge to the constitutionality of the Tax Court cannot be adequately reviewed or possibly corrected on direct appeal. Furthermore, "[t]he absence of controlling precedent weighs strongly against a finding of clear error [for mandamus purposes]." *In re Van Dusen*, 654 F.3d 838, 845 (9th Cir. 2011). The Thompsons acknowledge there is no controlling case law stating that the Tax Court is unconstitutional. Because at least three of the *Bauman* factors weigh against mandamus relief, we decline to exercise our discretion to intervene at this stage.

The appeal is thereby **DISMISSED** and the petition for writ of mandamus

5

**DENIED**.