**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 6 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KELLY ZARADNIK; ERIC A. DUPREE, Petitioners, v. DUTRA GROUP, INC.; et al., Respondents. | No. 18-72307 BRB No. 18-1024 MEMORANDUM[*] |

On Petition for Review of an Order of the
Benefits Review Board

Submitted February 4, 2020[**]
Pasadena, California

Before: THOMAS, Chief Judge, and WARDLAW and NGUYEN, Circuit Judges.

Kelly Zaradnik petitions for review of a decision by the Benefits Review

Board affirming an administrative law judge's ("ALJ") order deferring a ruling on

her petition for attorney's fees and costs until after the resolution of a separate

appeal on the merits of her compensation award. We dismiss Zaradnik's petition

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

for lack of jurisdiction, and we deny her alternative request for a writ of mandamus.

Zaradnik's petition for review is not moot. Because the ALJ has not yet ruled on Zaradnik's fee petition, it is possible for this court to grant her the relief she seeks, which is to vacate the ALJ's order and remand for prompt consideration of her fee petition. *See In re Burrell*, 415 F.3d 994, 998 (9th Cir. 2005) (holding that a case is not moot if the court "can give the [petitioner] any effective relief in the event that it decides the matter on the merits in [the petitioner's] favor" (quoting *Garcia v. Lawn*, 805 F.2d 1400, 1402 (9th Cir. 1986))).

However, Zaradnik's attempt to have this court review her petition under the collateral order doctrine fails. A party seeking interlocutory review under this doctrine must show that the order at issue "conclusively determine[s] the disputed question." *Metabolic Research, Inc. v. Ferrell*, 693 F.3d 795, 798 (9th Cir. 2012) (quoting *Will v. Hallock*, 546 U.S. 345, 349 (2006)). Here, the "disputed question" is the fee petition in its entirety and not merely the timing of the ALJ's consideration of her fee petition. *Cf. Morgan v. Kopecky Charter Bus Co.*, 760 F.2d 919, 921 (9th Cir. 1985) (holding that the denial of an interim fee request does "not conclusively determine *the question of attorneys' fees*" because a plaintiff may still obtain fees if she prevails on the merits (emphasis added)). Accordingly, because the Benefits Review Board's order merely defers a ruling on

2

the "disputed question," it is not conclusive. *Miller v. Gammie*, 335 F.3d 889, 895 (9th Cir. 2003) (en banc) ("An order deferring a ruling is not conclusive.").[1]

Even construing Zaradnik's appeal as a petition for a writ of mandamus, she is not entitled to relief. "In connection with ongoing agency proceedings, this judicial power is limited and is to be used in only the most extreme circumstances." *Cal. Energy Comm'n v. Johnson*, 767 F.2d 631, 634 (9th Cir. 1985); *see also Pub. Util. Comm'r v. Bonneville Power Admin.*, 767 F.2d 622, 630 (9th Cir. 1985) ("The circumstances that will justify our interference with nonfinal agency action must be truly extraordinary, for this court's supervisory province as to agencies is not as direct as our supervisory authority over trial courts."). The following five factors guide our consideration of whether mandamus relief is appropriate:

> [W]hether (1) the petitioner has no other adequate means, such as a direct appeal, to obtain the desired relief; (2) the petitioner will be damaged or prejudiced in any way not correctable on appeal; (3) the [] order is clearly erroneous as a matter of law; (4) the [] order is an oft-repeated error or manifests a persistent disregard of the federal rules; and (5) the [] order raises new and important problems or issues of first impression.

*Stanley v. Chappell*, 764 F.3d 990, 996 (9th Cir. 2014) (citing *Bauman v. U.S. Dist. Court,* 557 F.2d 650, 654–55 (9th Cir. 1977)).

---

[1] We need not consider Zaradnik's remaining arguments because "we lack collateral order jurisdiction if even one [element] is not met." *McElmurry v. U.S. Bank Nat'l Ass'n*, 495 F.3d 1136, 1140 (9th Cir. 2007).

Here, Zaradnik has not identified a provision of the Longshore and Harbor Workers' Compensation Act (the "Act"), 33 U.S.C. § 901, that requires fee petitions to be adjudicated within a certain timeframe, let alone demonstrated that the claimed error is clear. Additionally, Zaradnik will not, in the absence of mandamus relief, suffer an irreparable injury that cannot be corrected upon review of final action by the Benefits Review Board. *See Christensen v. Stevedoring Servs. of Am.*, 557 F.3d 1049, 1056 (9th Cir. 2009) (holding that "where the question of delay is timely raised" in connection with a fee petition brought under the Act, "the body awarding the fee *must consider* this factor" in making a fee award (quoting *Anderson v. Dir., Office of Workers' Comp. Programs*, 91 F.3d 1322, 1325 n.2 (9th Cir. 1996))).

**PETITION FOR REVIEW DISMISSED AND PETITION FOR WRIT OF MANDAMUS DENIED.**