**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 93-4307
Summary Calendar

RICKEY LYNN LEWIS,

Plaintiff-Appellant,

VERSUS

J. BEDDINGFIELD, Chief, ET AL.,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
(   92-CV-266   )
(April 18, 1994)

Before GARWOOD, SMITH and DeMOSS, Circuit Judges.

PER CURIAM:[*]

<u>BACKGROUND</u>

Rickey Lewis, an inmate at the Smith County Jail, filed a <u>pro se</u> 42 U.S.C. § 1983 suit alleging that his arm was operated on and a blood sample taken without his consent and in violation of his constitutional rights.  At the <u>Spears</u>[1] hearing conducted by the

---

[*] Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the Court has determined that this opinion should not be published.

[1] <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985).

magistrate judge, Lewis testified that prison officials took him to the jail's clinic where a prison doctor reopened a nearly-healed wound on his left arm with a scalpel, scraped the wound to remove blood and tissue, and then stitched up the wound. Lewis also testified that he believed the samples were taken for use against him in his pending state-court trial for capital murder.[2] According to Lewis, he suffered pain and was left with only limited movement in the arm as a result of the surgical intrusion.

During the Spears hearing, the magistrate judge stated that she was going to continue the case because of her concern that further hearing of this claim might prejudice Lewis' rights in his pending criminal proceeding. Nevertheless, the Spears hearing proceeded at which time Lewis alleged additional claims for unconstitutional grievance procedures and retaliation. The magistrate judge then ordered Lewis to file an amended complaint in an attempt to get a more thorough understanding of the nature of his claims. Lewis filed an amended complaint in which he reiterated his claim of the alleged unlawful taking of blood and tissue samples and asserted additional assorted violations of his constitutional rights. The magistrate judge issued a report recommending that the lawsuit be stayed until after the conclusion of Lewis' criminal trial in order to avoid "unwarranted interference with the pending state court proceedings." The district court overruled Lewis's objections and, adopting the

---

[2] Blood and tissue samples were later taken from Lewis pursuant to a search warrant.

findings and conclusions of the magistrate judge, placed Lewis' suit on the inactive docket.

## OPINION

Lewis challenges the district court's decision to stay his § 1983 suit until the conclusion of his state criminal proceedings. For purposes of appellate jurisdiction, the district court's decision to stay a suit pending state court proceedings is a final order. Barnhardt Marine Ins., Inc. v. New England Inter. Surety of America, Inc., 961 F.2d 529, 531 (5th Cir. 1992).

At the Spears hearing, it became apparent that Lewis' § 1983 damages action involved questions likely to be at issue in his pending state criminal prosecution. The magistrate judge recognized that the adjudication of Lewis' claim that blood and tissue samples were seized contrary to the Fourteenth Amendment's prohibition against brutality, see Rochin v. California, 342 U.S. 165, 172, 174, 72 S.Ct. 205, 96 L.Ed. 183 (1952), could interfere with the progress of the state proceedings.

Younger v. Harris, 401 U.S. 37, 45, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), holds that a federal court cannot interfere with a pending state criminal proceeding absent extraordinary circumstances. This Court has held that the Younger abstention doctrine is not applicable to a claim for damages. See Allen v. Louisiana State Bd. of Dentistry, 835 F.2d 100, 104 (5th Cir. 1988), cert. denied, 112 S.Ct. 1764 (1992). In Deakins v. Monaghan, 484 U.S. 193, 202, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988), the Supreme Court declined to decide the extent to which Younger

3

applies to a federal action for monetary damages. However, the Court held that, even when <u>Younger</u> abstention is required, a federal district court "has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the [pending] state proceeding." <u>Id</u>. Lewis' case was not dismissed, only stayed. He makes no argument that staying his civil rights suit pending his criminal trial will prejudice him in any way.

Lewis' amended complaint clearly states a damage claim under § 1983 sufficient to justify the retention of jurisdiction. <u>See</u> <u>Rochin</u>. Because Lewis' claim for monetary relief will not be addressed in the pending state criminal prosecution, it was appropriate for the district court to stay his § 1983 action pending the conclusion of the state court proceedings. <u>See</u> <u>Ballard v. Wilson</u>, 856 F.2d 1568, 1572 (5th Cir. 1988).

AFFIRMED.