United States Court of Appeals
Fifth Circuit

**F I L E D**

April 19, 2007

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

———————————————

No. 06-30326

———————————————

COMMUNITY CARE BOSSIER INC,

Plaintiff-Appellant,

versus

CHARLES C FOTI, JR, Etc; ET AL

Defendants

CHARLES C FOTI, JR, in his capacity as Attorney General of the State of Louisiana; ANDREW
J LEJEUNE, JR

Defendants-Appellees.

———————————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
(No. 5:06-CV-181)

———————————————————————————

Before GARWOOD, WIENER, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:[*]

Community Care-Bossier, Inc., ("CCB") appeals the district court's decision to abstain from

hearing its claims against the defendants-appellees. For the following reasons, we DISMISS part of

the appeal as MOOT, and we REVERSE and REMAND, with instructions to STAY, the remainder

of the appeal.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

# I. FACTS AND PROCEEDINGS

In response to an investigation into its allegedly illegal business practices, CCB sued, *inter alia*, Charles Foti, Louisiana's Attorney General, and an employee of the AG's office, Andrew Lejeune. CCB sought injunctive relief against Foti and Lejeune and damages against Lejeune only. CCB moved for a temporary restraining order ("TRO") against Foti and Lejeune to prevent them from enforcing various search and seizure orders against CCB's assets. The district court, following the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), found that it should abstain from adjudicating CCB's claims against Foti and Lejeune. The district court thus denied the motion for a TRO and dismissed all of CCB's claims against both Foti and Lejeune. CCB filed this appeal, asserting that the district court erroneously applied the *Younger* doctrine.

# II. DISCUSSION

## A. Standard of review

This court applies a two-tiered standard of review in abstention cases. *Nationwide Mut. Ins. Co. v. Unauthorized Practice of Law Comm.*, 283 F.3d 650, 652 (5th Cir. 2002). "Although we review a district court's abstention ruling for abuse of discretion, we review de novo whether the requirements of a particular abstention doctrine are satisfied." *Id.* "The exercise of discretion must fit within the narrow and specific limits prescribed by the particular abstention doctrine involved." *Webb v. B.C. Rogers Poultry, Inc.*, 174 F.3d 697, 701 (5th Cir. 1999) (internal quotation and alteration omitted). "A court necessarily abuses its discretion when it abstains outside of the doctrine's strictures." *Id.* Thus, we review a district court's decision to abstain for abuse of discretion, provided that the elements for *Younger* abstention are present.

## B. CCB's appeal of its dismissed claims for injunctive relief

At oral argument, counsel for CCB revealed that it had already received much of the injunctive relief it sought in a parallel state court proceeding, rendering its appeal moot. The news was a surprise to this court, which expects litigants to inform the court of such developments *before* arriving to present oral argument. Counsel for CCB also indicated that CCB's remaining claims for injunctive relief were effectively moot, as CCB is no longer in business. The court thus dismisses CCB's appeal of the dismissal of its claims for injunctive relief as moot.

**C.**     **CCB's appeal of its dismissed claims for compensatory relief**

The district court did not bifurcate its analysis of the injunctive and compensatory claims against Lejeune, but the Supreme Court has indicated that federal courts should not abstain from deciding claims for damages, though staying these claims may be appropriate in some instances. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 719–21 (1996); *Lewis v. Beddingfield,* 20 F.3d 123, 125 (5th Cir. 1994) (per curiam) (affirming district court's decision to stay a § 1983 action and noting that "the *Younger* abstention doctrine is not applicable to a claim for damages"). The Fifth Circuit has consistently indicated that abstention from damages claims falls outside the borders of the *Younger* doctrine. *See, e.g., Allen v. La. State Bd. of Dentistry*, 835 F.2d 100, 104 (5th Cir. 1988). It was thus an abuse of discretion for the district court to dismiss CCB's damages claims on this basis. We reverse the district court's dismissal of the damages claims against Lejeune and remand with instructions to stay these claims pending the conclusion of the state court proceedings against employees of CCB.

3

### III. CONCLUSION

For the foregoing reasons, we DISMISS CCB's appeal on its claims for injunctive relief as MOOT, we REVERSE the dismissal of CCB's claims for compensatory relief, and we REMAND with instructions to STAY those proceedings.