# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30064
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 26, 2015

Lyle W. Cayce
Clerk

JESSIE J. GRACE, III,

       Petitioner - Appellee

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

       Respondent - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:02-CV-3818

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

     We consider whether we have jurisdiction over an interlocutory appeal challenging a district court's decision to stay a section 2254 proceeding while the petitioner exhausts new claims in state court.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30064

## I

Since his 1994 conviction for second-degree murder, Petitioner Jessie Grace has been pursuing postconviction relief. After the state courts denied his requests for relief, Grace filed a petition for writ of habeas corpus in federal court in 2012. The district court held an evidentiary hearing in which the State of Louisiana was required to turn over a copy of the district attorney's file on the case. The file had not previously been disclosed because the State believed it had been lost. Although the district attorney's office continued to refuse disclosure of the file to Grace, the district court conducted an *in camera* review of it and concluded that "portions of the grand jury testimony must be disclosed to Petitioner because the testimony reveals the existence of potential habeas claims previously unavailable to Petitioner." ROA.2546. Specifically, the district court "believe[d] that Petitioner may have unexhausted *Brady*, *Napue*, and *Giglio* claims." *Id.* (citations omitted). Because dismissing Grace's pending petition while he exhausted his new claims in state court would cause his previously exhausted claims to become time barred, the district court stayed the petition pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). The State appeals the stay. Grace now moves to dismiss the State's appeal for lack of jurisdiction, arguing that the district court's stay is an unappealable collateral order.

## II

The State primarily argues that the district court's stay order is a collateral order subject to appeal or, in the alternative, that this court should treat its appeal as a petition for mandamus.[1]  Courts of appeal have

---

[1] The court may provide mandamus relief "only [in] exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion." *See Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (internal citations and quotation marks omitted). The district court did neither in this case and thus we address only the State's collateral order argument.

jurisdiction to review "final decisions of the district courts." 28 U.S.C. § 1291. Stays, which "often are used to regulate the court's own proceedings or to accommodate the needs of parallel proceedings," are generally "no more appealable than other interlocutory procedural orders." 15A Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 3914.13 (2d ed.). Occasionally, however, a "small class" of collateral orders are "too important to be denied immediate review." *See Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106, 103 (2009) (internal quotation marks omitted). That "small category includes only decisions that are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action." *Id.* at 106 (internal citation omitted). All three requirements must be satisfied for appellate jurisdiction to exist. *Id.* at 107.

Even assuming that the district court "conclusively determine[d] the disputed question" of whether the district court acted within its discretion by granting a stay pursuant to *Rhines*, as the State contends, it did not resolve an important question separate from the merits that requires immediate review. *See Shipes v. Trinity Indus., Inc.*, 883 F.2d 339, 342 (5th Cir. 1989); *see also Mohawk Indus.*, 558 U.S. at 107 ("The justification for immediate appeal must . . . be sufficiently strong to overcome the usual benefits of deferring appeal until litigation concludes. This requirement finds expression in [the second and third] of the three traditional *Cohen* conditions."). In support of its argument, the State cites *Christy v. Horn*, 115 F.3d 201 (3d Cir. 1997), a factually similar case in which the court found appealable the district court's stay of a habeas case pending exhaustion in state court. But after the Third Circuit ruled in *Christy*, the Supreme Court decided *Rhines v. Weber*, which made clear that the practice of staying a habeas petition while a petitioner

exhausts state court remedies is proper. *See* 544 U.S. at 277.[2]  Since then, whether the district court can stay a habeas petition pending exhaustion is no longer an "important" question.  *See Mohawk*, 558 U.S. at 107 ("The second condition insists upon '*important* questions separate from the merits.'" (emphasis in original and internal citation omitted)).  Moreover, the State's challenge to the stay is intertwined with the procedural and substantive merits of Grace's habeas petition.  When the district court granted the stay pursuant to *Rhines*, it considered whether the grand jury testimony revealed potentially meritorious habeas claims.  On appeal from that stay, the State argues that those claims are meritless.  Thus, to decide whether the stay was proper, we would also have to consider whether the district court correctly determined that the grand jury testimony revealed meritorious habeas claims.

As for whether the stay would be "effectively unreviewable on appeal from the final judgment," the Supreme Court recently explained that the "crucial question" is "not whether an interest is important in the abstract; it is whether deferring review until final judgment so imperils the interest as to justify the cost of allowing immediate appeal of the entire class of relevant orders." *Id.* at 109.  The State relies on *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1 (1983), an abstention case.  But the res judicata issues that arise in abstention cases do not exist in this case because habeas petitioners are required to exhaust state remedies before turning to the federal courts for relief.  *See* 28 U.S.C. § 2254(b)(1)(A); *see also Stanley v. Chappell*, 764 F.3d 990, 995–96 (9th Cir. 2014) (distinguishing stay in habeas case from a stay that had as its "sole purpose and effect . . . to surrender

---

[2] Even before *Rhines*, staying a "mixed" habeas petition was common practice in the district courts and it remains so today. *See, e.g.*, Georgetown Law Journal Annual Review of Criminal Procedure, *Habeas Relief for State Prisoners*, 36 GEO. L.J. ANN. REV. CRIM. PROC. 875, 890 n.2685 (2007) (collecting cases from most circuits).

jurisdiction of a federal suit to a state court" (quoting *Moses H. Cone*, 460 U.S. at 10 n.11)); *Swanson v. DeSantis*, 606 F.3d 829, 834 (6th Cir. 2010) (same). And although the State argues that this court should review the stay to hasten this habeas case that has been pending since 2003, the further delay that the stay will impose is insufficient to invoke the collateral order doctrine. *See Mohawk*, 558 U.S. at 107 ("As long as the class of claims, taken as a whole, can be adequately vindicated by other means, the chance that the litigation at hand might be speeded, or a particular injustice averted, does not provide a basis for jurisdiction under § 1291." (internal citations and quotation marks omitted)).

Because two out of the three collateral order requirements are not fulfilled, we find that this case does not fall within the "narrow and selective" class of collaterally appealable orders. *See id.* at 113. Indeed, the State has not identified a single case—from this circuit or any other—allowing an interlocutory appeal of a similar stay since *Rhines*. This does not mean that we never have jurisdiction to review a *Rhines* stay ruling; in fact, once there is a final judgment in a habeas case, a party may appeal earlier procedural rulings that affected the outcome, as is always the case. This posture is most common when the district court denies a petitioner's habeas petition and the petitioner seeks to challenge both the denial of the petition and the denial of a stay. *See, e.g.*, *Williams v. Thaler*, 602 F.3d 291 (5th Cir. 2010) (affirming denial of habeas petition and declining to award certificate of appealability on the district court's denial of a *Rhines* stay); *Thompson v. Quarterman*, 292 F. App'x 277 (5th Cir. 2008) (denying certificate of appealability on all issues on which the district court denied habeas relief including denial of *Rhines* stay); *Lave v. Dretke*, 444 F.3d 333 (5th Cir. 2006) (affirming district court's denial of habeas relief and finding district court's denial of *Rhines* stay was not abuse of discretion); *Neville v. Dretke*, 423 F.3d 474 (5th Cir. 2005) (same). But we find

no authority to rule on the propriety of the stay in the interlocutory posture of this appeal.

For these reasons, IT IS ORDERED that appellee's opposed motion to dismiss the appeal for lack of jurisdiction is GRANTED. It is further ordered that appellee's opposed motion to suspend the briefing notice is DENIED AS MOOT. IT IS FURTHER ORDERED that appellee's opposed alternative motion to extend time to file brief of appellee for fourteen (14) days from ruling is DENIED AS MOOT.