# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
May 11, 2018

Lyle W. Cayce
Clerk

No. 17-20602
Summary Calendar

MICHAEL OJEGBA AGBONIFO,

Plaintiff-Appellant

v.

MATTHEW S. BOYDEN, United States Postal Inspector,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-1872

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

A federal grand jury indicted Michael Ojegba Agbonifo for several violations of federal law. After pleading not guilty, he was found to be incompetent to stand trial and was committed to the custody of the Attorney General. His trial has not commenced. Proceeding pro se and in forma pauperis, Agbonifo filed a 42 U.S.C. § 1983 civil rights complaint against Matthew S. Boyden, a United States Postal Inspector. He alleged that Boyden

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20602

violated his Fourth Amendment rights when Boyden searched his house and seized certain of his property. The district court found that Agbonifo's claims of an illegal search and seizure would, if true, implicate the validity of the criminal charges against him and any potential conviction. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). As such, the district court concluded that, because Agbonifo's criminal case was still pending, his § 1983 suit was premature, and the district court ordered that it be stayed and closed for administrative purposes. *See Mackey v. Dickson*, 47 F.3d 744, 745 (5th Cir. 1995). Agbonifo now appeals that decision.

This court has a duty, *sua sponte*, to determine whether it has appellate jurisdiction. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). Federal appellate courts only have jurisdiction over appeals from (1) final orders pursuant to 28 U.S.C. § 1291; (2) orders that are deemed final due to a jurisprudential exception, such as the collateral order doctrine; (3) interlocutory orders specified in 28 U.S.C. § 1292(a); and (4) interlocutory orders that are properly certified for appeal by the district court pursuant to Federal Rule of Civil Procedure 54(b) or § 1292(b). *Dardar v. Lafourche Realty Co.*, 849 F.2d 955, 957 (5th Cir. 1988); *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 & n.3 (5th Cir. Feb. 1981).

In the present case, the district court has not entered a final judgment, has not made an interlocutory order specified in § 1292(a), and has not certified an interlocutory order for appeal. *See Martin v. Halliburton*, 618 F.3d 476, 481 (5th Cir. 2010); § 1292(a), (b). Furthermore, the district court's stay order is not a collaterally appealable order. *See Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106-07 (2009). Accordingly, the appeal is DISMISSED for lack of jurisdiction. *See Grace v. Vannoy*, 826 F.3d 813, 815-22 (5th Cir. 2016).