# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20288
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 9, 2019

Lyle W. Cayce
Clerk

RONALD CHARLES WASHINGTON,

Petitioner - Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-95

Before BARKSDALE, HAYNES and HO, Circuit Judges.

PER CURIAM:[*]

Ronald Charles Washington, Texas prisoner # 1839046, appeals *pro se* the district court's order denying several motions filed in connection with a case characterized by the court as a 28 U.S.C. § 2254 proceeding. The district court's order did not dispose of the case.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-20288

Federal appellate courts may only exercise jurisdiction over appeals from (1) final orders pursuant to 28 U.S.C. § 1291; (2) orders deemed final due to a jurisprudential exception, such as the collateral-order doctrine; (3) interlocutory orders specified in 28 U.S.C. § 1292(a); and (4) interlocutory orders properly certified for appeal by the district court pursuant to Federal Rule of Civil Procedure 54(b) or § 1292(b). *Dardar v. Lafourche Realty Co.*, 849 F.2d 955, 957 (5th Cir. 1988).

In this instance, the district court has not entered a final judgment, has not made an interlocutory order specified in § 1292(a), and has not certified an interlocutory order for appeal. *See Martin v. Halliburton*, 618 F.3d 476, 481 (5th Cir. 2010); § 1292(a), (b). Furthermore, the court's stay order is not a collaterally-appealable order. *See Grace v. Vannoy*, 826 F.3d 813, 815–21 (5th Cir. 2016).

To the extent Washington challenges the court's order characterizing his "Rule 60(b)" motion as a § 2254 application, the notice of appeal was filed more than 30 days after the order. *See* Fed. R. App. Proc. 4(a)(1)(A) (30-day time period to file notice of appeal in civil case). Therefore, we do not have jurisdiction to review a challenge to the order characterizing the motion as a § 2254 application, even if it were considered a final judgment. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007).

DISMISSED.