20-3354
*Daum v. Eckert*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of September, two thousand twenty-one.

PRESENT:
  BARRINGTON D. PARKER,
  JOSEPH F. BIANCO,
  STEVEN J. MENASHI,
      *Circuit Judges*.

---

Terry Daum,

  *Plaintiff-Appellant*,

  v.                                                                                     20-3354

Stewart Eckert,

  *Defendant-Appellee*.

---

FOR PLAINTIFF-APPELLANT:                Terry Daum, pro se, Fallsburg, NY.

FOR DEFENDANT-APPELLEE:                Morrie I. Kleinbart, Alexander Fumelli, Assistant District Attorneys, *for* Michael E. McMahon, District Attorney of Richmond County, Staten Island, NY.

Barbara D. Underwood, Solicitor General, Andrew W. Amend, Assistant Deputy Solicitor General for Criminal Matters, Priscilla Steward, Assistant Attorney General, *for* Letitia James, Attorney General of the State of New York, New York, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Kovner, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** in part, and the order of the district court is **AFFIRMED** in part.

Plaintiff-Appellant Terry Daum was convicted of eight counts of robbery in 1997 in state court and filed a successive petition for habeas corpus in the district court in 2017. The petition was stayed pending resolution of Daum's habeas proceedings in state court. In May 2020, Daum, proceeding pro se, sought emergency relief related to the COVID-19 pandemic. The district court construed his request as either a motion to lift the stay or a request for bail pending resolution of his habeas petition. The district court denied relief, reasoning that Daum failed to show that his habeas petition raised a substantial issue, that he did not show extraordinary circumstances warranting bail, and that the stay should not be lifted. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

I.      **Appellate Jurisdiction**

As an initial matter, the order at issue is only partially reviewable on appeal. An order denying bail is considered collateral to the merits and may be reviewed prior to a final order on

the merits. *Grune v. Coughlin*, 913 F.2d 41, 44 (2d Cir. 1990). Therefore, we may review the portion of the order denying Daum bail.

However, we dismiss Daum's appeal to the extent he seeks to challenge the district court's denial of his motion to lift the stay. We have jurisdiction over final decisions of the district court. 28 U.S.C. § 1291. A final decision "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *In re Roman Catholic Diocese of Albany, N.Y., Inc.*, 745 F.3d 30, 35 (2d Cir. 2014) (internal quotation marks omitted). To be final, an order must conclusively determine the pending claims of all parties to the litigation unless the district court directs entry of judgment on the dismissed claims or parties pursuant to Federal Rule of Civil Procedure 54(b). *Citizens Accord, Inc. v. Town of Rochester, N.Y.*, 235 F.3d 126, 128 (2d Cir. 2000) (per curiam). Here, the district court's order denying Daum's motion to lift the stay did not end the litigation on the merits.

Nor does any exception to the final judgment rule apply to that order. The district court did not direct entry of judgment pursuant to Rule 54(b) or certify the order for immediate appeal under 28 U.S.C. § 1292(b), and this case does not fall into an exception listed in 28 U.S.C. § 1292(a). Neither does the order fall under the collateral order doctrine, which permits interlocutory appeals of orders that resolve important issues completely separate from the merits of the action and are effectively unreviewable after final judgment. *See Schwartz v. City of New York*, 57 F.3d 236, 237 (2d Cir. 1995). An order staying a federal habeas proceeding while state court remedies are being exhausted is not a collateral order subject to interlocutory appeal. *See, e.g., Kell v. Bazon*, 925 F.3d 448, 467 (10th Cir. 2019); *Grace v. Vannoy*, 826 F.3d 813, 821 (5th Cir. 2016); *Stanley v. Chappell*, 764 F.3d 990, 995–96 (9th Cir. 2014); *Howard v. Norris*, 616 F.3d

3

799, 803 (8th Cir. 2010); *see also Gacho v. Butler*, 792 F.3d 732, 733 (7th Cir. 2015) (concluding that dismissal of federal habeas action without prejudice was not an appealable final order when the order granted leave to refile after state remedies were exhausted).

Here, the district court stayed proceedings until Daum had exhausted his state court remedies. Its order denying Daum's motion merely continued the existing stay. That order is non-final and did not end the litigation on the merits. Accordingly, we dismiss the appeal to the extent Daum seeks review of the order denying his motion to lift the stay.

## II. Bail

We review a district court's decision to deny bail for clear error and "will not reverse . . . unless on the entire evidence [this Court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007) (internal quotation marks omitted). When considering "a habeas petitioner's fitness for bail, [a court] must inquire into whether the habeas petition raises substantial claims and whether extraordinary circumstances exist that make the grant of bail necessary to make the habeas remedy effective." *Mapp v. Reno*, 241 F.3d 221, 230 (2d Cir. 2001) (alterations and internal quotation marks omitted).

Daum argues that he offered evidence to support his habeas claim and that the district court erred by concluding that the record was too sparse to determine if he raised a "substantial claim." He further argues that he presented extraordinary circumstances because of the COVID-19 pandemic. We conclude that even if Daum's habeas claim was sufficiently developed, the district court did not err in determining on this record that the COVID-19 pandemic did not constitute an extraordinary circumstance warranting bail.

As an initial matter, Daum did not show that he is particularly at risk of contracting a severe

4

case of COVID-19. His medical records show that he had a few pre-existing medical conditions, but none constituted a condition that increased his risk of severe illness from COVID-19.[1] Although Daum had uncomplicated hypertension, the guidance set forth by the Center for Disease Control and Prevention's ("CDC") states that hypertension only "possibly" increases the risk one faces from COVID-19.[2] Further, asthma must be moderate or severe to increase one's risk of severe illness, and Daum had only mild asthma.[3] Moreover, the district court found that the facility in which Daum was housed "appears to have implemented measures that are modeled on CDC's guidance for correctional facilities on combatting COVID-19 even when social distancing is impossible," and that "no inmate at the facility had succumbed to the virus" at the time of the district court's decision. *Daum v. Eckert*, 2020 WL 5040596, at *4 (E.D.N.Y. Aug. 26, 2020). Thus, the district court determined that "Daum has not demonstrated that the facility in which he is housed is ill-equipped to counteract the spread of COVID-19, or that he would be at an elevated risk of severe illness if he contracted the virus." *Id.* Baum points to no evidence contradicting these findings. Accordingly, the district court did not clearly err in concluding that Baum had not shown extraordinary circumstances warranting bail, and thereby denying his motion.

We have considered all of Daum's remaining arguments and find them to be without merit.

---

[1] People at higher risk of developing severe cases of COVID-19 include people over the age of 65 and people with certain pre-existing medical conditions that include cancer, sickle-cell disease, and obesity. *Centers for Disease Control and Prevention*, "People with Certain Medical Conditions," (last updated May 13, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[2] *Id.*

[3] *Id.*

5

Accordingly, we **DISMISS** the appeal for lack of appellate jurisdiction to the extent that Daum

challenges the district court's denial of his motion to lift the stay, and we **AFFIRM** the district

court's order in remaining part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
