# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 2, 2021

Lyle W. Cayce
Clerk

No. 19-20759
Summary Calendar

CHARLES DARNELL SMITH,

*Petitioner—Appellant*,

*versus*

BOBBY LUMPKIN, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*,

*Respondent—Appellee.*

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-2813

Before BARKSDALE, WILLETT, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Charles Darnell Smith, Texas prisoner # 1999312, was convicted of: indecency with a child; and super-aggravated sexual assault of a child. Proceeding *pro se*, he challenges, in his opening brief, the validity of his

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

convictions; in his reply brief, the denial of his motion for a stay and abatement of his 28 U.S.C. § 2254 proceeding in order to exhaust his state-court remedies, as well as appointment of counsel. (In his reply brief, he also requests his appeal be dismissed without prejudice.)

Our court lacks jurisdiction over Smith's challenge to the district court's interlocutory order. *See Grace v. Vannoy*, 826 F.3d 813, 815–21 (5th Cir. 2016) (holding court lacked jurisdiction, under the collateral-order doctrine, to review district court's order staying § 2254 proceeding pending exhaustion of state remedies because, *inter alia*, not sufficiently important question separate from the merits); *Thomas v. Scott*, 47 F.3d 713, 715 (5th Cir. 1995) (holding order denying request for appointment of counsel in § 2254 proceeding not appealable under collateral-order doctrine). Smith is advised he can appeal any adverse ruling on his § 2254 petition after the district court enters an order and final judgment.

DISMISSED.